**H. C. JONES, Individually, and former Collector of Internal Revenue, Appellant,**

v.

**KOMA, Incorporated, Appellee.**

**No. 4782.**

United States Court of Appeals, Tenth Circuit.

Jan. 3, 1955.

Grant W. Wiprud, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack and James Q. Riordan, Sp. Assts. to the Atty. Gen., on the brief), for appellant.

Graham Loving, Jr., and James D. Fellers, Oklahoma City, Okl. (L. Karlton Mosteller and Mosteller, Fellers, Andrews & Loving, Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

In an action against the Collector of Internal Revenue for the District of Oklahoma to recover income taxes exacted under Section 102 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 102,[1] and paid under protest, the trial court instructed the jury in presently

---

1. "§ 102. Surtax on corporations improperly accumulating surplus.
   "(a) Imposition of tax. There shall be levied, collected, and paid for each tax-

able year * * * upon the net income of every corporation * * * if such corporation, however created or organized, is formed or availed of for the pur-

material part that in arriving at their verdict they must determine (1) whether the earnings of the plaintiff were accumulated beyond the reasonable needs of its business in the taxable year in question, and (2) whether the purpose of the accumulation was to avoid the payment of the individual surtax by the shareholders of the plaintiff corporation; that if the jury found that the plaintiff did accumulate earnings beyond the reasonable needs of its business and they further found that the purpose of such accumulation was to avoid the payment of the individual surtax by the shareholders of the plaintiff, their verdict should be for the defendant collector; that if, however, they found that the earnings were not accumulated beyond the reasonable needs of its business, or if so, they further found by a clear preponderance of the evidence that such accumulation was not for the purpose of avoiding the payment of the surtax, their verdict should be for the plaintiff.

The jury found for the plaintiff, judgment was entered accordingly, and the government appeals complaining of the failure of the court to instruct the jury that the touchstone of liability for the tax is the purpose behind the accumulation, not the consequences of the accumulation; that the plaintiff may have entertained the forbidden purpose of preventing the imposition of a surtax upon the shareholders even though the accumulation was not unreasonable for business needs.

We have recognized the possibility of the proscribed purpose even in the absence of an accumulation beyond reasonable business needs. World Pub. Co. v. United States, 10 Cir., 169 F.2d 186, and see United Business Corp. of America v. Commissioner of Internal Revenue, 2 Cir., 62 F.2d 754; Chicago Stock Yards Co. v. Commissioner of Internal Revenue, 1 Cir., 129 F.2d 937, reversed on other grounds 318 U.S. 693, 63 S.Ct. 843, 87 L.Ed. 1086; Trico Products Corp. v. Commissioner of Internal Revenue, 2 Cir., 137 F.2d 424; Id., 46 B.T.A. 346; Nipoch Corp., 36 B.T.A. 662, dismissed 2 Cir., March 9, 1940; A. D. Saenger, Inc., v. Commissioner of Internal Revenue, 5 Cir., 84 F.2d 23. See also 26 CFR § 39.102–2 and 1954 Federal Tax Service, Prentice-Hall, Vol. 1, Parg. 4721(b) (2). It has been suggested, however, that the recognized contingency is of little importance in its practical application since the absence of an undue accumulation is repugnant to the existence of the proscribed purpose. United States v. R. C. Tway Coal Sales Co., 6 Cir., 75 F.2d 336.

■■ But conceding the erroneousness of the instructions of the court in that regard, we are constrained to hold that the question is not reviewable here. According to the record the collector filed with the clerk a requested instruction embodying this particular theory of the suit, and called it to the attention of the court prior to the charge. But the record also shows that no exceptions or objections were taken to the court's instructions after they were given. In that respect, Fed.Rules Civ.Proc. Rule 51, 28 U.S.C.A. leaves no room for doubt. It provides that, "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its

---

pose of preventing the imposition of the surtax upon its shareholders * * * through the medium of permitting earnings or profits to accumulate instead of being divided or distributed, a surtax equal to the sum of the following:

"27½ per centum of the amount of the undistributed section 102 net income not in excess of $100,000, plus

"38½ per centum of the undistributed section 102 net income in excess of $100,000.

* * * * * * *

"(c) Evidence determinative of purpose. The fact that the earnings or profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid surtax upon shareholders unless the corporation by the clear preponderance of the evidence shall prove to the contrary."

**532**

verdict, stating distinctly the matter to which he objects and the grounds of his objection * * *."

We have very recently had occasion to reiterate the importance of this requirement in the field of procedural law, and to reaffirm the injunction that the correctness of the instructions of the court are not open to review on appeal unless the matter is brought to the attention of the trial court by exceptions to the instructions or in some other appropriate manner. Jones v. Griffin, 10 Cir., 216 F.2d 885. See also Comins v. Scrivener, 10 Cir., 214 F.2d 810; Atchison, T. & S. F. R. Co. v. Andrews, 10 Cir., 211 F.2d 264.

If the court failed to give the requested instruction literally or in substance, it was the inescapable duty of counsel to call it to the attention of the court and to register his objections on the record. Certainly the failure of the court to give the requested instruction is not so palpably erroneous as to justify notice of the same sua sponte.

Judgment of the trial court is affirmed.