Delbert **PIXLEY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 5061.

United States Court of Appeals, Tenth Circuit.

March 30, 1955.

Robert Fullerton, Denver, Colo., (L. W. Wiley, Muskogee, Okl., was with him on the brief), for appellant.

Harry G. Fender, Asst. U. S. Atty., Muskogee, Okl. (Frank D. McSherry, U. S. Atty., Muskogee, Okl., and Paul M. Brewer, Asst. U. S. Atty., Wewoka, Okl., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PER CURIAM.

Tried to the court without a jury, appellant was found guilty and sentenced to imprisonment for the offense of transporting a stolen automobile in interstate commerce, knowing it to have been stolen.

The contention urged for reversal of the judgment is that under the rule of law enunciated in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819; United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140; Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100; United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48, and other kindred cases, the court erred in admitting in evidence certain oral statements of appellant in the nature of a confession made while being detained and before being taken before a federal judge or committing magistrate. Considered in their totality, these cases do not render inadmissible in evidence every confession made by an accused person while being detained and before being taken before a committing magistrate. They bring into focus and strike only at confessions made while the accused is being unreasonably or inexcusably detained before being taken before a committing magistrate for the purpose of extracting evidence from him, or confessions obtained with attending circumstances which constitute physical or psychological coercion. Ruhl v. United States, 10 Cir., 148 F.2d 173; Blood v. Hunter, 10 Cir., 150 F.2d 640; Tarkington v. United States, 4 Cir., 194 F.2d 63.

A special agent for the Bureau of Investigation and the chief of police of the town of Van Buren, Arkansas, took appellant into custody in Van Buren sometime Saturday morning. The special agent had been advised by long distance telephone that a warrant had been issued at Muskogee, Oklahoma, for the arrest of appellant upon the charge of transporting the automobile from Arkansas into Oklahoma, but the special agent did not have the warrant in his possession At the time of the arrest appellant was suffering from the effects of a gun shot wound suffered in the course of a family altercation. The special agent and the chief of police took appellant to the office of a physician for the purpose of having his wounds examined and treated if necessary. From the office of the physician, the officers took him to the office of the chief of police. After arriving there, the special agent called on long distance telephone the United States Commissioner at Forth Smith, Arkansas, to arrange for a hearing for appellant. The Commissioner advised the special agent that he was leaving town; that he would be back Monday; and that he would then hold the hearing. Immediately thereafter, the special agent advised appellant that he did not have to make a statement; that any statement he might make could be used against him; and that he was entitled to an attorney. After so advising appellant, the officers began to interrogate him. The interrogation lasted about an hour. At about noon, appellant made oral statements which constituted a confession of the offense. While testifying, appellant denied that he transported the automobile but he did not deny making the statements to the officers; and it is not contended that the statements were obtained through coercive means. Cases involving the question whether a confession is inadmissible under the so-called McNabb doctrine do not lend themselves to any fixed and unyielding pattern. Each case depends upon its own peculiar facts and circumstances. Appellant was taken into custody Saturday morning. An effort was made almost immediately to take him before the United States Commissioner in Fort Smith. That was impossible, due to the impending absence of the Commissioner from the city over the weekend. No effort was made to take appellant before the United States District Judge in Fort Smith during the remainder of Saturday. But there was no showing that the judge was at home or that his other judicial engagements made it feasible to hear the matter that day. Similarly, no effort was made to

**914**

take appellant before some other committing magistrate during Saturday, but there was no showing that any magistrate with the requisite legal authority was available in Van Buren. The Commissioner with whom the special agent talked on the telephone returned to Fort Smith and appellant was taken before him Monday morning. There was no unreasonable or inexcusable delay in taking appellant before a committing magistrate, and no coercive methods were employed to obtain from him the confession in question. In these circumstances, the evidence relating to the statements made in the nature of a confession was admissible. Garner v. United States, 84 U.S. App.D.C. 361, 174 F.2d 499, certiorari denied, 337 U.S. 945, 69 S.Ct. 1502, 93 L.Ed. 1748; United States v. Walker, 2 Cir., 176 F.2d 564, certiorari denied, 338 U.S. 891, 70 S.Ct. 239, 94 L.Ed. 547; Symons v. United States, 9 Cir., 70 S.Ct. 1006, 94 L.Ed. 1388; Haines v. United States, 9 Cir., 188 F.2d 546, certiorari denied, 342 U.S. 888, 72 S.Ct. 172, 96 L.Ed. 666; United States v. Hymowitz, 2 Cir., 196 F.2d 819; Pierce v. United States, 91 U.S.App.D.C. 19, 197 F.2d 189, certiorari denied, 344 U.S. 846, 73 S.Ct. 62, 97 L.Ed. 658; Allen v. United States, 91 U.S.App.D.C. 197, 202 F.2d 329, certiorari denied, 344 U.S. 869, 73 S.Ct. 112, 97 L.Ed. 674.

The judgment is affirmed.