**James Wade BRASWELL, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 5064.

United States Court of Appeals
Tenth Circuit.

July 1, 1955.

Rehearing Denied July 16, 1955.

708

Charles William Tessmer, Dallas, Tex. (Ralph Samara, Oklahoma City, Okl., on the brief), for appellant.

H. Dale Cook, Asst. U. S. Atty. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., and George Camp, Asst. U. S. Atty., Sand Springs, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

The appellant, James Wade Braswell, was convicted in the trial court of transporting a firearm in interstate commerce after having previously been convicted of a crime of violence, in violation of 15 U.S.C.A. § 902(e), and was sentenced to five years in prison. He assigns various errors upon which he relies for reversal on this appeal.

The evidence shows substantially the following facts: On the early morning of Saturday, October 17, 1953, several officers of the Oklahoma City Police Department searched an apartment at 824 East Drive, Oklahoma City, occupied by a girl named Peggy Raleigh, after having first obtained a search warrant based on probable cause for believing that intoxicating liquors and narcotics were to be found therein. In their search, the officers found a .38 caliber super automatic Colt pistol in a chest of drawers. About that time, the defendant Braswell entered the apartment and stated that the gun was his, producing a receipt from a Dallas, Texas, Company, to show that the gun was not stolen. At that time he told the officers that when he came from Dallas to Oklahoma City he brought the gun along in his luggage. Both the girl and Braswell were arrested and taken into custody to the city jail. Later that morning a special agent for the F.B.I. interviewed Braswell. At the trial, the F.B.I. agent testified that he asked Braswell if he knew it was a violation of federal law to transport a gun in interstate commerce after having previously been convicted of a crime, that Braswell stated that he had not known this and, if he had, he would not have brought the gun with him. Braswell in his testimony at the trial admitted telling the officers at the apartment that he brought the gun with him from Dallas, but claimed that this was false because he was only trying to protect the girl. He denied making any such statement to the F.B.I. agent and testified that Peggy Raleigh brought the gun from Dallas.

On the Monday morning following his arrest on Saturday, the defendant was

placed in the custody of federal authorities and immediately arraigned before a commissioner on the charge for which he was ultimately convicted.

The evidence at the trial further showed that Braswell previously had been tried and convicted of the crime of burglary in the State of Texas and had successfully applied for a suspended sentence under the Texas statutes allowing a defendant who had not previously been convicted of a felony to receive a suspended sentence. By Texas law, such a sentence is a non-final, non-appealable judgment.

 Appellant has assigned as error the action of the trial court in overruling his motion to dismiss the indictment. The contention apparently is that the statute, 15 U.S.C.A. § 902(e),[1] requires the transportation to be unlawful and the failure of the indictment to so allege is fatal to its validity. The phrase, "It shall be unlawful" in the statute is merely a method of proscribing the act of transporting a firearm under the enumerated conditions, and is not made an element of the offense itself. It is equivalent to the phrase, "It shall be an offense", and following it the offense is described and its elements set forth. Thus, the statute does not require the act of transportation across a state line to be done "unlawfully" but only requires the transportation, which is made an offense in itself if the one transporting it is under indictment, has been convicted of a crime of violence or is a fugitive from justice. Under these conditions, the only intent necessary is the intent to accomplish the act of transportation across a state line, and the statement of the act itself implies such intent. Where the act charged necessarily includes a general intent or is in its very nature unlawful, it need not be alleged that the act was done unlawfully.[2] Thus, the averment of the indictment that appellant transported in interstate commerce a .38 caliber super automatic from Dallas, Texas, to Oklahoma City, Oklahoma, after having previously been convicted of a crime of violence, in violation of the statute, was clearly sufficient. The further contention of appellant, that the indictment did not allege the transportation of a firearm, is without merit. The indictment did not use the term "firearm", but described the item as "a .38 Caliber Super Automatic, Serial No. 51247." The sufficiency of a criminal pleading should be determined by practical rather than technical considerations,[3] and in determining the sufficiency of an indictment the court will not consider possibilities beyond the range of rational experience.[4] Under these well established rules, the description given sufficiently informed the appellant that he was charged with transporting a firearm in violation of the Act.

 Appellant also contends that he was not previously convicted of a crime of violence as required by the statute. His argument on this point hinges on the fact that after his conviction for burglary he was given advantage of the Texas rehabilitation statutes which allow the presiding judge to suspend sentence. Under Texas law, when an order is entered suspending sentence, there is no final order from which the defendant can take an appeal.[5] It is contended that since no final appealable sentence on his conviction has been entered, appellant has not been convicted as required by

---

1. "It shall be unlawful for any person who is under indictment or who has been convicted of a crime of violence or who is a fugitive from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition." 15 U.S.C.A. § 902 (e).

2. Musey v. United States, 5 Cir., 37 F.2d

673; 42 C.J.S., Indictments and Informations, §§ 133, 134.

3. Tatum v. United States, 71 App.D.C. 393, 110 F.2d 555.

4. Norton v. United States, 9 Cir., 92 F.2d 753.

5. Fitch v. State, Tex.Crim.App., 235 S.W. 2d 896.

**710**

the federal statute. A reading of Section 902(e) [6] shows that those under indictments or fugitives from justice are put in the same class as those convicted. The evident purpose of this statute was to place restrictions on the transportation of firearms by persons whose past records indicated they were of dangerous propensities and likely to use firearms for illegal purposes.[7] It would indeed be a strange construction of the statute which would impose its sanctions on those under indictment and not yet tried but would not include within its prohibition those convicted of crimes of violence and receiving suspended sentences. There is no contention that appellant was not convicted, and the Texas Statutes relied on constantly refer to the "conviction" of the defendant who is to have the benefits of the Act.[8] To then say that a conviction within the meaning of the federal statute must be final and appealable is to place in the Act what Congress did not intend. All that is necessary under the Act is conviction of a crime of violence. The appellant was so convicted and hence was within the prohibitive terms of 15 U.S.C.A. § 902(e). In this connection it may be noted the trial court properly excluded defendant's exhibits one through six from the evidence before the jury and received them before the court only. These exhibits were the Texas statutes providing for suspension of sentence, and Braswell's application for the benefits thereunder. His defense based on these exhibits was purely one of law which was not within the province of the jury. And, further, since this was a question of law the court did not err in refusing to allow the defendant to testify that he was laboring under a mistake of fact as to whether he had been "convicted" of a crime of violence, for even if he was mistaken as to this, ignorance or mistake of law is no defense.[9]

Immediately prior to the trial, the appellant filed a motion to suppress all the evidence secured as a result of the search of the apartment and that secured during his incarceration prior to his hearing before the Commissioner. In a supporting affidavit he alleged that the Oklahoma City Police Commissioners were acting in cooperation with federal officers, that the search warrant was invalid by the federal rules, that he was threatened by the officers and questioned by them concerning a violation of the Mann Act, a federal statute, 18 U.S.C.A. § 2421 et seq.; and that his incarceration pending the hearing was unreasonable in length. The motion was apparently heard by the court prior to the trial, and no immediate ruling was made thereon.

Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that the motion to suppress evidence shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but that the court in its discretion may entertain the motion at the trial. While it is clear that appellant should have filed the motion much sooner than he did, apparently the court did in its discretion entertain the motion. But there was no testimony by the defendant or any one else in the trial indicating that threats were used by the police officers in the apartment to gain the cooperation of appellant, or that the officers there questioned him concerning a Mann Act violation. Neither was there any evidence that the local officers were cooperating with federal officers or agents. The uncontradicted testimony of Officer Cliff W. Roberts, from the Narcotics Division of the Oklahoma City Police Department, who was one of those searching the apartment, was that they were investigating

6. See Footnote 1.

7. See Cases v. United States, 1 Cir., 131 F.2d 916, certiorari denied 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718.

8. Vernon's Ann.C.C.P.Tex. Article 776 et seq.

9. United States v. Mansavage, 7 Cir., 178 F.2d 812, 817.

liquor and narcotics violations pursuant to the search warrant, and did not know at that time that it was a federal offense for one convicted of a crime of violence to transport a firearm in interstate commerce. Appellant was held from Saturday morning to Monday morning before he was placed in federal custody and taken before the Commissioner, and according to his own testimony he had admitted facts establishing a crime. No coercion or intimidation of any sort occurred while he was being held. Under these circumstances, the evidence gained from appellant while he was so held is not inadmissible as gained in violation of the rule enunciated in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819.[10] In view of the last minute filing of the motion to suppress and supporting affidavit, and the total absence of any evidence tending to support them, we can only conclude that the motion was without substance and properly overruled.

■ Appellant next contends that there was not sufficient evidence corroborating his admissions to sustain a conviction. In his discussion of this contention in his brief, appellant does not cite the recent Supreme Court cases, Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, and Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, which have clarified the law of corroboration in criminal cases. The rule laid down in the Opper decision is that corroborative evidence is necessary not only for extra-judicial confessions, but also for admissions of essential facts or elements of the crime, susbequent to the crime, and for exculpatory statements. However, the corroborative evidence need not be sufficient, independent of the statements, to establish the corpus delicti. It is only necessary that the Goverement introduce substantial independent evidence tending to establish the trustworthiness of the admission. It is enough if the independent evidence supports the essential facts admitted sufficiently to justify a jury inference of their truth. When this test has been met, the evidence as a whole must still, of course, be sufficient to find guilt beyond a reasonable doubt.

■ Applying these tests to the evidence in this case, we believe that the evidence corroborating the appellant's admissions was more than sufficient. The independent evidence established that appellant purchased the gun in Dallas, that thereafter it was in his possession, that he came to Oklahoma City with his personal belongings around October 1, 1953, and thereafter the gun was in his possession at that place. It was found in the drawer there with other of his belongings in an apartment rented by him. It was also established independently of his admission that appellant had been previously convicted of a crime of violence.

■ Appellant predicates error on the refusal of the trial court to give certain instructions. However, while we are of the view that the instructions given were adequate in all respects, a review thereof is precluded by the failure of appellant to make proper objection before the jury retired. Rule 30, Fed.Rules Crim.Proc.; Jones v. Koma, 10 Cir., 218 F.2d 530. We have examined other assignments of error by the appellant and find them to be without merit.

Affirmed.

10. See our recent discussion of the Mc-Nabb rule under circumstances similar to those found in this case in Pixley v. United States, 10 Cir., 220 F.2d 912.