Louis James KELLY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5602.

United States Court of Appeals Tenth Circuit.

July 1, 1957.

Rehearing Denied July 19, 1957.

James W. Wilson, Denver, Colo. (Montfort & Wilson, Denver, Colo., were with him on the brief), for appellant.

John S. Pfeiffer, Asst. U. S. Atty., Denver, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

The appellant, Louis James Kelly, was found guilty by a jury of a violation of 15 U.S.C.A. § 902(e)[1] and, after the trial court denied a motion for acquittal, 146 F.Supp. 747, was sentenced to two years' imprisonment. On this appeal he questions the sufficiency of the evidence to show interstate transportation of the firearm and further contends that burglary in the second degree under the law of Missouri is not a crime of violence within the scope of sec. 902(e), supra.

The evidence submitted to the jury establishes the following facts: Kelly and another were arrested in Pueblo, Colorado, on May 21, 1954, by local police acting upon the request of law enforcement officers of an adjoining Colorado County. The actual arrest was made pursuant to an investigation of a crime not material to present consideration. At the time of his apprehension Kelly was driving an automobile bearing Missouri license plates. A search of the vehicle revealed a Berretta automatic pistol in the glove compartment and a Ruger revolver under the driver's seat.

While in custody Kelly was interviewed by an investigator for the United States Alcohol and Tobacco Division of the Treasury Department. The investigator, called as a witness, testified that appellant stated to him that the Ruger revolver had been purchased by appellant in Kansas City, Missouri, from one James Cunard;[2] that appellant had carried the weapon with him on a trip from Missouri into Kansas, Oklahoma, Texas and back through Oklahoma into Kansas and then into Colorado. Later after being informed of the substance of sec. 902(e), Kelly retracted his statements and asserted that he had found the weapon along the Colorado roadway.

By competent independent evidence the government proved the Missouri conviction and commitment of Kelly in February, 1950, for the offense of second degree burglary. He was sentenced to six years but his actual release date was not shown.

The government in its brief correctly states "the *corpus delicti* in the case at bar is the interstate transportation of a firearm by one who has been convicted of a crime of violence as defined by the Act." The essence of the offense is the interstate transportation of the weapon which becomes unlawful only when done by a designated class of persons.

It is well settled that a conviction cannot be had when the *corpus delicti* of an offense is proved solely by the un-

---

1. "It shall be unlawful for any person who is under indictment or who has been convicted of a crime of violence or who is a fugitive from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition."

2. Cunard when questioned by the government stated he didn't know Kelly and denied any knowledge of the asserted transaction.

supported extra-judicial statements of the accused. In accord with Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, and Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192, we have stated the rule to be:

> "The rule laid down in the Opper decision is that corroborative evidence is necessary not only for extra-judicial confessions, but also for admissions of essential facts or elements of the crime, subsequent to the crime, and for exculpatory statements. However, the corroborative evidence need not be sufficient, independent of the statements, to establish the corpus delicti. It is only necessary that the Government introduce substantial independent evidence tending to establish the trustworthiness of the admission. It is enough if the independent evidence supports the essential facts admitted sufficiently to justify a jury inference of their truth. When this test has been met, the evidence as a whole must still, of course, be sufficient to find guilt beyond a reasonable doubt." Braswell v. United States, 10 Cir., 224 F.2d 706, 711.

The "independent evidence tending to establish the trustworthiness" of appellant's statements show only that Kelly was in Missouri in 1950 and for an unascertainable time thereafter; that he was in Colorado on May 21, 1956; that he had possession of a firearm on the latter date, and was driving a car bearing Missouri license plates. Appellant's statements are otherwise totally unsupported or actually negatived by the record. We do not believe that Kelly's presence in Missouri some six years before the alleged offense nor his presence in an automobile bearing Missouri license plates, considered independently, lends any substantial support to the government's case. Neither fact is in any way connected with the firearm or its transportation. We conclude that there is insufficient evidence to support the required finding of interstate transportation of a firearm. In view of this determination no discussion of appellant's second point on appeal is necessary.

Reversed with directions to vacate the judgment and sentence heretofore entered and to grant the motion for acquittal.