**Tom Don FRANANO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16071.**

United States Court of Appeals Eighth Circuit.

April 27, 1960.

Rehearing Denied June 3, 1960.

512

Joseph E. Stevens, Jr., Kansas City, Mo., filed brief for appellant.

Edward L. Scheufler, U. S. Atty., and O. J. Taylor, Asst. U. S. Atty., Kansas City, Mo., filed brief on behalf of the appellee.

Before GARDNER, VOGEL, and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Circuit Judge.

Appellant and three other persons were charged with violations of the so-called Dyer Act, Section 2312, Title 18 United States Code, in an indictment containing seven counts. The first count charged that defendants, four in number, conspired to transport stolen motor vehicles in interstate commerce, knowing them to be stolen. Fourteen overt acts were charged as committed pursuant to the conspiracy. Counts II through VII were substantive counts and charged the appellant Franano and his codefendant Frank Triola, Jr., with the interstate transportation of certain stolen 1957 Chevrolet automobiles.

Appellant, prior to the opening of the trial, made a motion for leave to inspect and copy grand jury minutes, which motion was denied. The action was tried to the court and a jury. On the morning of the third day of trial, appellant interposed a motion for a mistrial based upon an article appearing in the Kansas City Times which was seen by one member of the jury panel. The motion was denied. At the close of the Government's testimony each of the defendants interposed a motion for acquittal. The motion of one of the defendants, who was included in the charge of conspiracy, was sustained but the motions of all the other defendants were denied. The three remaining defendants submitted no testimony and the case was submitted to the jury on instructions to which appellant saved certain exceptions and also excepted to the refusal of the court to give certain instructions requested by him. The three defendants were found guilty. One of the defendants, Jo Ann King, found guilty only on the conspiracy charge, was put on probation. The remaining defendants, Tom Don Franano and Frank Triola, Jr., on the verdicts of guilty returned by the jury, were sentenced to a term of four years concurrently on each of Counts I, II, and III, and to a term of four years on each of Counts IV, V, VI, and VII, these latter sentences to be served concurrently with each other, but consecutively to the terms on Counts I, II, and III, making a total sentence of eight years.

Appellant Tom Don Franano alone prosecutes an appeal and seeks reversal on the following grounds: (1) the trial court erred in overruling appellant's motion to inspect and copy grand jury minutes; (2) appellant's motion for judgment of acquittal on Counts II, IV, and VII should have been sustained on the grounds that there were fatal variances between the allegations of the indictment and the proof; (3) the trial court erred in overruling appellant's motion for a mistrial; (4) the trial court erred in admitting Exhibits 63 through 68; (5) the court erred in refusing to give defendant's requested instructions Number 13 and 14 and in failing adequately to charge the jury that they must find all essential elements of the offenses charged beyond a reasonable doubt; (6) the trial court erred in admitting irrelevant and immaterial evidence having no probative value of the allegations of the in-

dictment and in refusing to give defendant's requested instruction Number 10; and (7) the trial court erred in overruling appellant's motion for judgment of acquittal as to Counts II, V, VI, and VII on the grounds of the insufficiency of the evidence.

■ In support of his contention that the court erred in denying his motion for leave to copy the grand jury minutes, appellant urges that there was insufficient evidence before the grand jury to warrant his indictment, alleging that there was but one witness. The showing is far from proving this allegation. Witnesses who appear without being subpoenaed, or who appear pursuant to informal requests of the grand jury or the United States Attorney, do not appear on the records of the district court. It is also argued that the witness whose name did appear on the district court record could not have had personal knowledge of sufficient facts to warrant a finding of an indictment. Such a motion is addressed to the judicial discretion of the trial court and we think the appellant's contention is completely negatived by what is said in Costello v. United States, 8 Cir., 255 F.2d 389 and Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397.

In Costello v. United States, 8 Cir., 255 F.2d 389, 396, referring to Rule 6 (e), Federal Rules of Criminal Procedure, Title 18 United States Code Annotated, we said:

"A trial court unquestionably had the power under Rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., to order the grand jury proceedings transcribed and produced. Such power should be exercised only where there is a clear showing that the ends of justice require it. Lawn v. United States, 355 U.S. 339, 362, 78 S.Ct. 311, 2 L.Ed. 321; Herzog v. United States, 9 Cir., 226 F.2d 561, 566. No such showing was made here and we find no prejudice to either defendant resulting from the court's refusal to compel the production and no error."

In Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 408, the Supreme Court, speaking on this question, said:

"If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more."

The contention of appellant as to the denial of his motion is, we think, wholly without merit.

■■ We shall consider appellant's contention that there is a fatal variance between the allegations of the indictment in Counts II, IV, and VII and the proof, and his contention that the court erred in denying his motion for acquittal on Counts II, V, VI, and VII, together.

In considering the question of the sufficiency of the evidence to sustain the judgment, we must view the evidence in a light most favorable to the Government and we must assume as proved every fact the evidence, direct or circumstantial, tends to prove, and the Government as the prevailing party is entitled to the benefit of all such favorable inferences as may reasonably be drawn from the facts proved.

In support of his contention that there was a fatal variance between the allegations of the indictment on Counts II, IV, and VII, and the proof, appellant relies strongly on the case of Cox v. United States, 8 Cir., 96 F.2d 41. That case is readily distinguishable on its facts from the instant case. In the Cox case the

only proof of identity between the car stolen and the car described in the indictment was the serial number. In the instant case there was positive proof of identity regardless of and without reference to the serial marks. Johnson v. United States, 8 Cir., 195 F.2d 673; United States v. Drexel, 2 Cir., 56 F.2d 588. The variances were therefore not fatal and we deem it unnecessary to consider the other contentions as to the insufficiency of the evidence because invalidation of a particular count is immaterial if the sentence on that count runs concurrently with the sentence on a valid count. Woodford v. United States, 8 Cir., 77 F.2d 861; Brooks v. United States, 267 U.S. 432, 45 S.Ct. 345, 69 L.Ed. 699.

In this connection it should be borne in mind that the jury, in finding appellant guilty on Count I, presumptively, viewing the evidence in a light most favorable to the Government, found him guilty of all the overt acts charged. These overt acts pertained to the transportation of the cars described in Counts II, III, IV, V, VI, and VII. Thus, overt act No. 1 charges that:

"On or about July 9, 1957, Tom Don Franano and Frank Triola, Jr. transported a stolen 1957 Chevrolet from Kansas City, Missouri to Denver, Colorado."

This is the transportation described in Count II of the indictment. Overt act No. 2 likewise described the transportation charged in Count III of the indictment; Overt act No. 4 charged the transportation charged in Count IV of the indictment; Overt act No. 7 charged the transportation charged in Count V of the indictment; Overt act No. 9 charged the transportation charged in Count VI of the indictment; Overt act No. 14 charged the transportation charged in Count VII of the indictment. Other overt acts charged various circumstances connected with the transportation of the automobiles described in the various counts in the indictment, such as:

"Overt Act No. 3. That on or about August 13, 1957, Tom Don Franano and Frank Triola, Jr. went to Pierre, South Dakota where they obtained fraudulent titles for two stolen motor vehicles.

\*    \*    \*    \*    \*    \*

"Overt Act No. 5. On or about August 30, 1957, Jo Ann King went to Russellville, Alabama and obtained two fictitious registrations for automobiles.

"Overt Act No. 6. On or about September 12, 1957, Tom Don Franano and Frank Triola, Jr. went to Jefferson City, Missouri and obtained a fraudulent title for a stolen automobile."

There was proof that the car described in each count of the indictment was stolen from the owner and that it was sold by appellant or one of his co-conspirators in another state and there was proof that the appellant, or one of his co-conspirators, fraudulently procured from various states evidence of title for each of the cars described in the indictment.

Appellant was sentenced to four years on each count of the indictment. The aggregate sentence was eight years. The sentence on the conspiracy count is not challenged and we have held that there was no fatal variance between the proof and the allegations of the indictment in the fourth count, and these counts run consecutively. We therefore pretermit consideration of the other contentions of the insufficiency of the evidence.

We think the evidence fairly shows that the defendants, in committing the offenses charged, proceeded about as follows: They would first remove or steal from a 1957 Chevrolet the identification plate which was spot-welded to the left front door post. They would then go to the State of Alabama or some other state wherein the law permits registration of vehicles without issuance of an actual title. A vehicle registration would thus be fraudulently obtained in that state for a vehicle bearing the identifying description shown on the stolen serial plate. The registration papers obtained in Ala-

bama would then be taken to another state, and a genuine title obtained by surrender of the Alabama registration. A new 1957 Chevrolet, identical in body style and general description to the vehicle described on the title papers would then be stolen. The stolen identification plate would be substituted and the vehicle would then be taken to another state and sold by using the title papers which were obtained as outlined above.

■ On the morning of the third day of trial a newspaper article reported certain portions of the testimony that had been introduced and received in evidence the preceding day. The article, however, added that one of the parties mentioned in the testimony, who was a stepbrother of appellant's co-defendant Triola, was "an underworld character * * * who served prison sentences on income tax evasion and who was an associate of the late Charles Binnagio." This newspaper article was called to the attention of the court by counsel for appellant, who moved for a mistrial. The court thereupon inquired of the jurors as to whether any of them had seen the article relating to the case. Only three jurors made answer. Two stated they did not see the article. One stated that he saw it, but did not read it. The motion was overruled and appellant urges this as reversible error.

What is said by us in Gicinto v. United States, 8 Cir., 212 F.2d 8, 10, is here apposite:

"It will be noted that counsel for defendant did not ask that the jury be polled or interrogated in regard to the article, and there is no evidence that it was read by the jurors or that any of them were influenced in any way by it. The appellant relies upon Marson v. United States, 6 Cir., 203 F.2d 904, but the facts in that case are different and it is not in point here. Even if the jurors read the article referred to, that alone is not ground for a new trial. Bratcher v. United States, 4 Cir., 149 F.2d 742; United States v. Katz, 3 Cir., 173 F.2d 116. The bur-

den was upon counsel for defendant to show that prejudice resulted, and he failed to establish such prejudice."

We think the court properly denied the motion for a mistrial.

■ Complaint is made before this Court of the admission into evidence of Exhibits 63 through 68. Those exhibits were summaries prepared by an F. B. I. agent who had been present through the trial of the case. Each exhibit related to a different automobile described in a particular count of the indictment. It contained information as to the model of the automobile, the confidential serial number, the altered serial number, the source from which taken and the place of recovery, and included information as to the titles issued on such vehicle.

The evidence was very voluminous and largely circumstantial. During the trial forty witnesses were examined and some seventy-two exhibits were admitted in evidence. The exhibits were based upon the testimony received in evidence and the court admitted them. In doing so the court said:

"Certainly it is of value to the Court and jury in having the evidence pulled together in summary form. The objection overruled."

The trial judge was in position to know whether these exhibits would be of assistance to the jury and we think there was no abuse of discretion in admitting them. The witness testified that there was nothing in the exhibits which had not already been introduced into evidence and we think the ruling was not prejudicial. Under somewhat similar circumstances expert testimony has been admitted to summarize and make computations from documentary evidence.

■ No complaint is made as to the instructions as given but it is contended that the court erred in refusing to give certain instructions requested by appellant to the effect that to warrant a conviction the proof must show beyond a reasonable doubt that appellant knew the vehicles were stolen and that he sub-

sequently transported them in interstate commerce. We have carefully examined the instructions as a whole. They very plainly advise the jury that knowledge that the vehicle transported was in fact stolen was essential to warrant conviction. The instructions meticulously advise the jury as to all the ingredients of the offenses charged and of the necessity of making proof of every element constituting the offense. The giving of the requested instructions could only have emphasized the instruction as given and it is not conceivable that the refusal to give the requested instruction was prejudicial.

■■ It remains to consider the contention that the court committed prejudicial error in admitting irrelevant and immaterial evidence having no probative value of the allegations of the indictment, and in refusing to give appellant's requested instruction No. 10. In other portions of his brief counsel charges that eleven exhibits were admitted which bore no relation to the charges in the indictment. We are not advised as to the contents or character of these exhibits. Our Rule 11(b), 28 U.S.C. among other things provides that if complaint is made as to the admissibility of evidence, the brief of appellant shall "quote the evidence referred to, and any objections or other equivalent action taken relative thereto, together with the rulings of the court thereon, giving the pages of the printed record on which the quotations appear."

The statement contained in the brief presents nothing for our consideration. We have, however, examined the original transcript and note that the court admitted the exhibits on the assurance by Government counsel that they would be connected up. If counsel for appellant thought they were not connected up with the charges contained in the indictment, it was incumbent upon him to move to strike them, and we assume that they were such as to be relevant and material as it is incumbent upon the appellant to demonstrate that prejudicial error has been committed.

The claim is made that the court erred in not giving requested instruction No. 10 to the effect that the jury was concerned only with the charges contained in the indictment and with the automobiles involved. There was no exception taken to the refusal of this instruction and the subject of it was fully covered in the instructions given by the court.

We have examined the entire record in this case and are convinced that appellant had a fair and impartial trial and that the court in the course of the trial committed no prejudicial error. The judgment appealed from is affirmed.