**Charles ISAACS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6419.**

United States Court of Appeals
Tenth Circuit.

Oct. 8, 1960.

John L. Ward, Jr., Tulsa, Okl., for appellant.

Frederick S. Nelson, Asst. U. S. Atty., Tulsa, Okl. (Robert S. Rizley, U. S. Atty., Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

Charles Isaacs was convicted after trial by jury in the District Court for the Northern District of Oklahoma of a violation of 15 U.S.C.A. § 902(e).[1] He complains that such conviction was not premised on sufficient evidence, particularly that quantum necessary to prove the corpus delicti independently of extra-judicial admissions, and was premised upon evidence rendered incompetent because obtained as the result of an unlawful search and seizure.

The substance of the charge against Isaacs was that he, having previously been convicted of a crime of violence, transported a certain revolver from Kentucky to Oklahoma. The weapon was found June 4, 1959 by police officers in a motel room occupied by Isaacs and his wife in Tulsa, Oklahoma, and Isaacs admitted to a federal officer that he had obtained the gun in Kentucky and had brought it to Oklahoma "in his luggage." To show the trustworthiness of this statement the government produced independent evidence that the revolver was taken from a store in Covington, Ken-

---

1. "It shall be unlawful for any person who is under indictment or who has been convicted of a crime of violence or who is a fugitive from justice to ship, trans- port, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition."

tucky, on August 24, 1958, and that Isaacs resided in Newport, Kentucky, at such time and until at least May, 1959. Newport and Covington are neighboring suburbs of Cincinnati, Ohio, lying just south of the Ohio River.

In Kelly v. United States, 10 Cir., 246 F.2d 864 we noted that the essence of an offense under 15 U.S.C.A. § 902(e) is the interstate transportation of a firearm which becomes unlawful only when done by one of a designated class of persons. And we there held that proof of the corpus delicti was not sufficiently shown by evidence, considered independently of the accused's admissions, which lacked connection with the firearm or its transportation. The independent proof in Kelly consisted only of a showing that the accused had possession of a firearm in Colorado while occupying an automobile bearing Missouri license plates and that the accused had been in Missouri some six years before the alleged offense. There was no proof that the weapon had ever been out of the State of Colorado. The instant case is clearly distinguishable. Here, both gun and accused were shown to have been in Kentucky during August, 1958, and both to have been in Oklahoma in June, 1959. Obviously the gun was transported in interstate commerce and Isaacs traveled in interstate commerce from Kentucky to Oklahoma. These facts, combined with Isaacs' possession of the gun in Oklahoma, are independent proof of the occurrence of the offense and strong corroborative proof of the trust-worthiness of Isaacs' statement that he obtained the gun in Kentucky and brought it to Oklahoma. Kelly v. United States, supra; Braswell v. United States, 10 Cir., 224 F.2d 706; Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101; Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192. We find no merit to the contention that the independent evidence was not sufficient to prove the commission of the offense.

Isaacs was first arrested by police officers of the city of Tulsa for a purported violation of a city ordinance requiring registration of ex-convicts. The gun was seized by the Tulsa officers at that time and later turned over to federal officers to form the basis of the federal violation. The record before us is indeed meager in matters relating to the circumstances surrounding the arrest and the discovery of the suspect weapon. Appellant strenuously urges that the evidence was seized during the process of an unlawful arrest and the government contends that the discovery of the gun was made as a lawful component to an arrest made upon warrant. We cannot and do not decide such controversy for it is apparent that no such issue was raised in the trial court.

Although Rule 41(e) [2] is explicit in its direction as to the required procedure necessary to question and suppress illegally obtained evidence no such motion was made before or during the trial below. To avoid the compulsion of the rule appellant asserts that he, in

---

2. Rule 41(e) Fed.Rules Crim.Proc., 18 U.S.C.A.:

"A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. The motion to suppress evidence may also be made in the district where the trial is to be had. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

the language of the rule, "was not aware of the grounds for the motion" because the date of his trial preceded the decisions of the Supreme Court in Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669, and Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L. Ed.2d 1688, and that such decisions for the first time rejected the so-called "silver platter" doctrine. We must reject the argument for it is apparent that the quoted words from Rule 41(e) do not pertain to an awareness of the law but do refer to a knowledge of the factual circumstances surrounding the seizure of evidence. Appellant was at all times aware of the circumstances of his arrest and the discovery of the gun.

Affirmed.