James Donald **YARBROUGH**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 7103.

United States Court of Appeals
Tenth Circuit.

Nov. 29, 1962.

Robert S. Slosky, Denver, Colo., for appellant.

Michael C. Villano, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., with him on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PICKETT, Circuit Judge.

The appellant, Yarbrough, was convicted on an indictment which charged that, having been convicted of a crime punishable by imprisonment for a term exceeding one year, he transported in interstate commerce firearms and ammunition in violation of 15 U.S.C.A. § 902(e),[1] and he was sentenced to imprisonment for a term of three years. At the close of the prosecution's case Yarbrough moved for a judgment of acquittal upon the ground that the prosecution had failed to prove the essential elements of the crime except by the uncorroborated confession of the accused. The question presented is whether there was sufficient corroboration of Yarbrough's post-arrest confession and admissions to sustain the conviction. We hold that the corroborating evidence was insufficient.

Yarbrough, who had previously been convicted of a crime punishable by imprisonment for more than one year, was arrested by a highway patrolman in northwestern Colorado while driving an automobile with Oregon license plates. Found in his possession were a .32 caliber pistol, a .38 caliber pistol, and a quantity of ammunition. After his arrest Yarbrough confessed to a Colorado highway patrolman and to an F. B.I. agent that he had driven the automobile from Utah into Colorado, and had transported the guns and ammunition from Utah to Colorado. He stated to the F.B.I. agent that he had won the .38 caliber pistol on a punchboard at a motel in Utah, but was not certain of the place. He said that he had acquired a postcard while at the motel on which there was a picture of the establishment, and that this postcard was still in the automobile. The agent found an unused postcard in the glove compartment of the car which appeared to be an advertisement of a motel at Fruitland, Utah. This is the extent of the corroborating evidence as to the interstate transportation of the firearms and ammunition.

The law is well settled that a criminal conviction cannot be sustained when the offense is proven solely by the uncorroborated extra-judicial confession or admissions of the accused. It is necessary that such extra-judicial statements establishing essential elements of the crime charged be corroborated by evidence independent of the confession or admissions. The prosecution, in addition to the confession or admissions, must produce substantial independent evidence of the essential elements of the crime charged which will tend to estab-

---

1. 15 U.S.C.A. § 902(e) provides:
    "It shall be unlawful for any person who is under indictment or who has been convicted of a crime punishable by imprisonment for a term exceeding one year or who is a fugitive from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm. or ammunition."
    (Footnote omitted)

lish the trustworthiness of the statements made by the accused. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101;[2] Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192; Kelly v. United States, 10 Cir., 246 F. 2d 864; Braswell v. United States, 10 Cir., 224 F.2d 706, cert. denied 350 U.S. 845, 76 S.Ct. 86, 100 L.Ed. 752.

■ The essential elements of the offense charged in this case are the interstate transportation of firearms or ammunition by one previously convicted of a crime punishable by imprisonment for a period of more than one year. The corroborating evidence relied upon by the trial court to satisfy the corroborating evidence test was the the possession of the automobile bearing Oregon license plates and the postcard which apparently advertised a motel in Utah. It is conceded that possession of an automobile with a foreign state license plate, standing alone, is insufficient corroborative evidence of interstate transportation. Kelly v. United States, supra. Clearly the picture and printing on the postcard, when considered independently of Yarbrough's confession and admissions, proves nothing. Aside from his statements there is no evidence that the automobile, the guns and ammunition, or Yarbrough himself, were ever in any state other than Colorado.

The judgment is reversed and the case remanded with instructions to enter a judgment of acquittal.

2. In Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101, the Supreme Court, after discussing the divergent views of the quantum of evidence necessary to satisfy the corroboration rule, said:

"Whether the differences in quantum and type of independent proof are in principle or of expression is difficult to determine. Each case has its own facts admitted and its own corroborative evidence, which leads to patent individualization of the opinions. However, we think the better rule to be that the corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti*. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense. Smith v. United States, post, p. 147 [348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192]. It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt."