**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Truman Adonis WILLIAMS, Defendant.**

**Crim. No. 315.**

United States District Court
D. Montana,
Billings Division.

May 27, 1966.

---◇---

Moody Brickett, U. S. Atty., Butte, Mont., and Arthur W. Ayers, Jr., Asst. U. S. Atty., Billings, Mont., for plaintiff.

Louis Forsell, Billings, Mont., for defendant.

## ORDER AND MEMORANDUM OPINION

JAMESON, Chief Judge.

Defendant was charged with the offense of transporting a firearm in interstate commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 15 U.S.C. § 902(e).[1]

At the close of all the evidence defendant moved the court for a judgment of acquittal. Pursuant to Rule 29(b) F.R.Crim.P., the court reserved decision on the motion and submitted the case to the jury. The jury returned a verdict of

1. Section 902(e) of Title 15 of the United States Code provides in pertinent part: "It shall be unlawful for any person who * * * has been convicted of a crime punishable by imprisonment for a term exceeding one year * * * to * * * transport, or cause to be * * * transported in interstate * * * commerce any firearm or ammunition."

guilty on May 12, 1966. Thereafter briefs were filed by the respective parties, and a hearing on the motion was held on May 23, 1966.

Defendant contends (1) that there was a fatal variance between the indictment and the proof with respect to the description of the firearm; and (2) that the evidence was insufficient to establish interstate transportation.

The indictment charges that the defendant "having been convicted of a crime punishable by imprisonment for a term exceeding one year, did transport in interstate commerce from Las Vegas, Nevada, to Hardin, in the State and District of Montana, a firearm, to-wit: a Smith & Wesson .38 Special, Serial Number 28,410."

It is undisputed that the firearm was a Smith & Wesson .38 Special and that the firearm taken from defendant's automobile was the same firearm which was received in evidence as plaintiff's exhibit 7. It is likewise undisputed that the number 28,410 appears upon the cylinder hinge of the gun and upon the metal grip near the butt. The number 154655 appears upon the butt of the gun under the removable plastic grip and also upon the cylinder.

It is clear from the evidence that the number 154655 is the true serial number of the gun and that the number 28,410 was a "setter's" number, identifying the person who assembled the gun. There was evidence also that in other types of revolvers the serial number appears where the so-called "setter's" number appears on the Smith & Wesson revolver.

The gun had been sold to the defendant in Las Vegas, Nevada, and registered there under the serial number 154655. The gun, sales slip, and registration card had all been inspected by counsel for the defendant in advance of the trial. No question was raised prior to trial with respect to the sufficiency of the description of the gun as set forth in the indictment.

*Sufficiency of the Indictment*

Rule 7(c) F.R.Crim.P. provides in pertinent part:

"The indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

The general criteria governing the sufficiency of an indictment are well settled. In Hagner v. United States, 1932, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861 the Court stated:

"The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'" (Citing cases).

The Court of Appeals for the Ninth Circuit has described the test in Stapleton v. United States, 9 Cir. 1958, 260 F. 2d 415, 417–418, 17 Alaska 713, as follows:

"The general rules for determining the sufficiency of an indictment are well settled. Indictments are now immune from the technical challenges permitted at common law. They will be held sufficient if as a practical matter they state the elements of the offense clearly enough to enable the defense to prepare for trial and to plead a judgment in bar of a future prosecution for the same offense. Prejudice to the defendant is a controlling consideration." (Citing cases).

\* \* \* \* \* \*

"An indictment is not required to set out all those elements of the offense

which must be found by the jury before they may find the accused guilty. It is sufficient 'that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment.' Hagner v. United States, supra, 285 U.S. at page 433, 52 S.Ct. at page 420, 76 L.Ed. 861. In other words, all the essential elements need not be stated directly if they are necessarily implied." [2]

Whether an indictment meets the requirements set out in the cases supra, is "a practical question to be answered by practical inquiry." Williamson v. United States, 9 Cir. 1962, 310 F. 2d 192, 196. In my opinion the indictment here "sufficiently apprises the defendant of what he must be prepared to meet".

Defendant relies entirely upon the fact that the "serial number" specified in the indictment was not in fact the true serial number. This attempt to weave magic out of the words "serial number" ignores the other facts which must be considered in determining the sufficiency of the indictment. As noted supra, it is clear from other proof that the firearm referred to in the indictment was the same weapon which defendant purchased in Las Vegas, Nevada, and which was taken from his car in Hardin, Montana. The number specified in the indictment, 28,410, did in fact appear in two places on the revolver. Defendant's counsel inspected the weapon prior to trial and presumably found those numbers. Defendant was in no way prejudiced by the description of the number 28,410 as the "serial number".

While not factually in point, several Dyer Act (18 U.S.C. § 2312) cases dealing with the sufficiency of indictments containing erroneous serial or motor numbers of automobiles support the conclusion that there was not a fatal variance between the indictment and proof in the instant case.

In Johnson v. United States, 8 Cir. 1952, 195 F.2d 673, the motor number alleged in the indictment was 98 EA 243345 whereas the motor number proven to be on the car was 98 BA 243345. In considering the contention that this discrepancy constituted a fatal variance between the indictment and the proof the court looked to all the circumstances tending to identify the automobile, i. e., the make, model and year of the car, its color, and the fact that the car when returned to its owner bore bullet scars resulting from a chase with police officers. It held the variance was not fatal.[3]

Similarly, in Franano v. United States, 8 Cir. 1960, 277 F.2d 511, the defendant, relying upon an earlier opinion of the Eighth Circuit, Cox v. United States, 8 Cir. 1938, 96 F.2d 41, urged a fatal variance because of a discrepancy in serial marks. In the Cox case a conviction for selling a stolen automobile moving in interstate commerce was reversed. The indictment described a certain make and model of automobile with a given motor number and serial number. The proof, however, did not establish either the motor or serial number of the actual car involved. The court in Franano distinguished Cox and held the variance not to be fatal. It stated: "In the Cox case the only proof of identity between the car stolen and the car described in the indictment was the serial number. In the instant case there was positive proof of identity regardless of and without reference to the serial marks." (277 F. 2d 513–514).

The instant case falls within the ambit of the Franano decision. There was here, as there, positive proof of identity of the property involved by other evidence apart from the serial number given in the indictment. In fact the proof of

---

2. Other expressions of these rules may be found in Russell v. United States, 1962, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; Ramirez v. United States, 9 Cir. 1963, 318 F.2d 155.

3. A similar variance was involved in United States v. Drexel, 2 Cir. 1932, 56 F.2d 588. The court dismissed the matter as "too trivial for discussion."

identity here is even stronger since the number in the indictment did in fact appear in two places on the gun.

### Sufficiency of the Evidence

The argument that the evidence was insufficient to establish an interstate transportation of the firearm is twofold: (1) that the evidence of the actual transportation is insufficient; and (2) the evidence of the time of transportation was insufficient to meet the requirements of the court's instructions. Both contentions are without merit.

 The revolver was purchased by the defendant in Las Vegas, Nevada, and was subsequently found in the defendant's car in Hardin, Montana. Moreover, the defendant admitted to an agent of the Federal Bureau of Investigation that he had had the weapon in his possession since the time of purchase.[4] It was, of course, impossible to have moved the firearm from Las Vegas to Hardin without crossing several state lines. This factor coupled with the defendant's admission was clearly sufficient to submit the case to the jury on this point. Isaacs v. United States, 10 Cir. 1960, 283 F.2d 587, 589 and cases there cited.

The general rule with respect to proving the date upon which an offense is committed was well stated by the Court of Appeals for the Eighth Circuit in Alexander v. United States, 8 Cir. 1959, 271 F.2d 140, 143, as follows:

"In order to sustain a conviction it is not necessary to prove that the offense was committed on the exact date charged in the indictment. Proof that the crime was committed on a date other than that alleged, if it be within the period of limitations and before the indictment, is sufficient."

4. The Agent, Lawrence E. Talbot, testified that the defendant "told me he had purchased that revolver from an unnamed sports store in Las Vegas, Nevada, in January, 1965".

"Q Did he say anything about, or did you ask him anything about the weapon after its purchase?

See also, Arnold v. United States, 9 Cir. 1964, 336 F.2d 347; Whiteside v. United States, 8 Cir. 1965, 346 F.2d 500.

The weapon was purchased by the defendant on January 30, 1965. The defendant was arrested on September 21, 1965, with the gun in his possession. The indictment was returned on January 12, 1966. This was sufficient proof to submit the matter to the jury.

The motion for a judgment of acquittal is denied.

A I asked him how long he had had the weapon and he said he had had it *in his possession since the time of purchase*."