**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rodney Vance HENDERSON, Defendant-Appellant.**

**No. 72–1428.**

United States Court of Appeals,
Tenth Circuit.

Oct. 13, 1972.

Nathan G. Graham, U. S. Atty., and Ben F. Baker, Asst. U. S. Atty., N. D., of Oklahoma, for plaintiff-appellee.

James E. Frasier, Tulsa, Okl., for defendant-appellant.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PICKETT, Circuit Judge.

Appellant Henderson was convicted of knowingly transporting in interstate commerce a firearm that had had its manufacturer's serial number removed, obliterated or altered. This is a violation of the Crimes and Criminal Procedure Act, 18 U.S.C. § 922(k) (1970). An essential element of the crime, interstate transportation, was established only by defendant's uncorroborated extra-judicial statements, and accordingly we reverse.

 Police in Tulsa, Oklahoma, arrested Henderson while he was riding as a passenger in an automobile bearing Colorado license plates. A search of the automobile produced a hand gun from which the serial number had been removed. While being interrogated by a special investigator of the United States Treasury Department after his arrest, Henderson admitted that he owned the gun, that he knew the gun's serial number had been removed, and that he transported the gun from Colorado to Oklahoma. To prove the interstate transportation element of the crime, the Government relied only on the investigator's testimony concerning Henderson's admissions and his presence in an automobile licensed in Colorado. At the close of the Government's case the trial court denied Henderson's motion for a judgment of acquittal, which was based on the ground that his extra-judicial statement was not sufficiently corroborated.

A criminal conviction cannot be sustained when the offense is proven solely by the uncorroborated extra-judicial confession or admissions of the accused. Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954). The foundation of this rule "lies in a long history of judicial experience with confessions and in the realization that sound law enforcement requires police investigations which extend beyond the words of the accused." *Smith*, supra, at 153, 75 S.Ct. at 197. The quantity and type of the necessary evidence independent of the admissions or confessions depend upon the facts of each case. It must, however, in all cases be such as to tend to establish the trustworthiness of the admission or confession. The corroborating evidence is adequate if it "supports the essential facts admitted sufficiently to justify a jury inference of their truth." Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101 (1954); Mapys v. United States, 409 F.2d 964 (10th Cir.1969), cert. denied, 399 U.S. 932, 90 S.Ct. 2266, 26 L.Ed.2d 802 (1970); Yarbrough v. United States, 309 F.2d 936 (10th Cir. 1962); Martinez v. United States, 295 F.2d 426 (10th Cir.1961); Braswell v. United States, 224 F.2d 706 (10th Cir. 1955), cert. denied, 350 U.S. 845, 76 S.Ct. 86, 100 L.Ed. 752 (1955). Every case cited in appellee's brief supports this general rule of law.

The Government argues that the mere presence of Henderson in a car bearing out-of-state license plates is enough evidence to corroborate his admission that he transported the gun in interstate commerce. Under similar facts this court has heretofore held to the contrary. In Yarbrough v. United States, 309 F.2d 936 (10th Cir.1962), the Government relied on the defendant's possession of an out-of-state picture postcard in addition to his presence in a car bearing out-of-state license plates to corroborate an extra-judicial admission of interstate transportation of firearms and ammunition. We held this evidence insufficient for that purpose. Kelly v. United States, 246 F.2d 864 (10th Cir.1957), is to the same effect.

The judgment is reversed and the case remanded with instructions to enter a judgment of acquittal.