## COX v. UNITED STATES.
### No. 11028.

Circuit Court of Appeals, Eighth Circuit.
April 28, 1938.

Powhatan H. Jackson, of Kansas City, Mo. (Sloane Turgeon, of Kansas City, Mo., on the brief), for appellant.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The appellant was tried and convicted upon the first count of an indictment charging that on or about January 5, 1936, he sold to Carl V. Powell, in Newton county, Mo., a 1935 model Chevrolet four-door sedan, motor No. 5183599, serial No. 5EA06—13962, which had been stolen from O. S. French, the owner, at Pittsburg, Kan., on January 4, 1936, and was moving in interstate commerce, and which the appellant knew had been stolen. National Motor Vehicle Theft Act, § 408, tit. 18, U.S.C., 18 U. S.C.A. § 408.

The evidence of the government upon the trial showed that on Saturday, January 4, 1936, at some time between the hours of 6 and 9 o'clock in the evening, at Pittsburg, Kan., the Chevrolet four-door sedan described in the indictment was stolen by some unidentified person from O. S. French; that on Sunday afternoon, January 5, 1936, the appellant—who had on the previous Saturday afternoon agreed to procure and sell to Carl V. Powell a Chevrolet sedan which the appellant intimated would be stolen within seventy-five miles of Joplin, Mo.—delivered to Powell, in Newton county, Mo., a 1935 model Chevrolet four-door sedan under circumstances clearly indicating that the automobile was a stolen automobile and that the appellant knew that it had been stolen. The evidence also showed that the appellant gave to Powell a forged bill of sale of the automobile, purporting to be signed by Mrs. Tom Strickland of Eureka Springs, Ark., which described the automobile as a 1935 Chevrolet sedan, motor No. 5400365, serial No. E3A06—44957; and that the application for a certificate of title for the automobile, filed by Powell with the secretary of state of the state of Missouri, described it as a 1935 model Chevrolet, engine No. 5400365, and serial No. 3EA06—44957.

Aside from the testimony that the automobile sold to Powell in Missouri on Sunday was of the same model, type, and style as the automobile stolen from French in Kansas on Saturday, that the French automobile was stolen shortly after the appellant agreed with Powell to procure for him such an automobile within a radius of seventy-five miles of Joplin, and that Powell subsequently entered a plea of guilty in the federal court based upon his possession of the automobile sold by the appellant to him, there is no evidence to justify even a suspicion that the automobile stolen from French was the same automobile which was sold to Powell.

Proof that an automobile of a well-known and widely distributed type and model is stolen in one state on Saturday and that a similar car is sold and delivered in an adjoining state on the following day is not sufficient evidence upon which to base a finding that the automobile stolen was the automobile sold, or a finding that the automobile sold was an automobile which had moved in interstate commerce and was still a part of interstate commerce. This is be-

cause the evidence, taking that view of it most favorable to the government, is not inconsistent with the hypothesis that the automobile sold was a different automobile than that which was stolen. Evidence which is consistent with two conflicting hypotheses tends to prove neither, Gunning v. Cooley, 281 U.S. 90, 94, 50 S. Ct. 231, 74 L.Ed. 720; Stevens v. The White City, 285 U.S. 195, 204, 52 S.Ct. 347, 76 L.Ed. 699; Svenson v. Mutual Life Ins. Co. of New York, 8 Cir., 87 F.2d 441, 443; New York Life Ins. Co. v. King, 8 Cir., 93 F.2d 347, 353; and proof of circumstances which, while consistent with guilt, are not inconsistent with innocence, will not support a conviction, Spalitto v. United States, 8 Cir., 39 F.2d 782, 784; Van Gorder v. United States, 8 Cir., 21 F.2d 939, 942; Cravens v. United States, 8 Cir., 62 F.2d 261, 274; McClintock v. United States, 10 Cir., 60 F.2d 839, 842.

■ Since the government failed to identify the automobile sold in Missouri to Powell on January 5, 1936, as the automobile stolen from French in Kansas on January 4, 1936, it failed to prove that the crime charged had been committed. One of the essential elements of the crime, which the government was required to prove beyond a reasonable doubt, was that the automobile sold to Powell in Missouri had moved in interstate commerce and was still a part of interstate commerce. Davidson v. United States, 8 Cir., 61 F.2d 250, 255; McAdams v. United States, 8 Cir., 74 F.2d 37, 39. Unless the stolen automobile had moved and was still moving in interstate commerce when it was sold, the sale was not a federal offense and the court below was without jurisdiction to deal with it.

■■ The appellant, at the close of the government's case, moved for a directed verdict on the ground that the government's evidence was insufficient to sustain a verdict of guilty. His motion was denied. He then put in his defense. He did not renew his motion for a directed verdict at the close of all of the evidence. By failing so to do, he lost his right to challenge in this court the sufficiency of the evidence to sustain the verdict, and there is no ruling of the trial court of which he has any right to complaint. Ayers v. United States, 8 Cir., 58 F.2d 607, 608, 609. However, where it clearly appears in a criminal case that a defendant has been convicted of an offense which the evidence fails to show was committed, the error of submitting the case to the jury for determination is so plain and vital that this court is at liberty to and will reverse even in the absence of a proper motion and exception, not because the defendant has a right to demand a reversal, but solely in the public interest and to guard against injustice. Wiborg v. United States, 163 U.S. 632, 658, 16 S.Ct. 1127, 1197, 41 L. Ed. 289; Ayers v. United States, supra, 8 Cir., 58 F.2d 607, 609, 610.

The judgment is reversed and the case remanded for a new trial.