Charles BRUMBELOW, Appellant,

v.

UNITED STATES of America,
Appellee.

Syble Hair BRUMBELOW, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 7358, 7359.

United States Court of Appeals
Tenth Circuit.

Oct. 21, 1963.

Stanley J. Walter, Lakewood, Colo., for appellants.

E. C. Nelson, Asst. U. S. Atty. (Edwin Langley, U. S. Atty., on the brief), for appellee.

Before LEWIS, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellants Brumbelow, who are husband and wife, were indicted in a single indictment, and were convicted by a jury of fraudulently and knowingly concealing and facilitating the transportation and concealment of heroin in violation of 21 U.S.C. § 174. Their motions for acquittal and for new trial were denied. They have appealed and urge that there was insufficient evidence to sustain their convictions.

The narcotics came into the possession of the federal agents, and they had their first knowledge of them when Thomas Hair and John Ferrell sold the heroin to them in Oklahoma City. These two individuals were witnesses for the Government in the trial of this case, and they stated they had removed the narcotics from a glove compartment of a 1958 Ford car which was the property of the appellants. Witness Hair is the brother of the appellant, Syble Hair Brumbelow, and he and his wife lived in the same community as appellants. He testified at the trial that his wife, his sister, and he had driven appellants' car to a well near Clemscott, Oklahoma, to get water, and while at the well Hair opened the glove compartment with a fingernail file and the narcotics were there in a camera box. He testified that he had previously stolen the narcotics from a car in Ardmore, Oklahoma, and placed them in the glove compartment of appellants' car. The evidence shows that Hair and the witness Ferrell removed the narcotics from the car, hid them in several places, and sold them to the narcotics agents.

The record shows that the witness Hair was permitted to drive this car of the appellants, and that he had free access to and use of it. The record shows that he was using it at the time as much or more than were the appellants. The car was wired in such a way that it could be operated with or without an ignition key. There is no evidence as to where the car was usually kept nor whether other persons had access to it, other than those who drove it and witness Hair's wife and sister. There was likewise no testimony as to whether the car doors or the glove compartment were locked. Witness Hair said he opened the glove compartment with a fingernail file, but the record does not show whether it was locked or not, but we assume it was. The narcotics, while in the glove compartment of the car, were in glass vials in a camera box. The record shows that the appellant, Syble Brumbelow, asked her sister whether she had seen a camera box in the car, but there was no other testimony on this point. This testimony related only to appellant, Syble Brumbelow, although the other appellant was present when the inquiry was made. The appellant, Charles Brumbelow, testified a search had been made for a box of receipts which had been in the car. It was established that appellant, Charles Brumbelow, had returned from Army duty in Korea shortly before the narcotics were sold by the witnesses Hair and Ferrell. The chemist for the Government testified that the narcotics in question were of the Asiatic type. The Government attempted to impeach the witness Hair as to his statements that he had stolen the narcotics in Ardmore by statements he had previously made that he saw the camera box in the glove compartment, thought it was his mother's, opened it and found small glass vials containing a white powder. The testimony used for impeachment was an agent's recollection of the contents of a written statement made by Hair.

The case of the Government, as indicated above, was based on the testimony that the narcotics had at one time been

located in the glove compartment of an automobile that was owned by the appellants; upon the testimony that the appellant, Syble Brumbelow, had inquired as to whether a camera box had been seen in the car; upon the evidence that appellant, Charles Brumbelow, had recently returned from Korea where narcotics were available; and that the narcotics were of the Asiatic type.

The testimony of the witness Hair that he had originally stolen the narcotics in Ardmore and placed them in the automobile of the appellants is not contradicted. The Government attempted to impeach his testimony on this point as mentioned above, but if he was impeached, such impeachment did not necessarily establish the contrary facts. The question remains whether the first statement or the second is the correct one, or neither. If his testimony is disregarded, there remains the testimony of his wife and of witness Ferrell that the narcotics were in the car, with no explanation as to how they got there. The record shows without question that the witness Hair had free use of and access to the automobile at the times in question. Other persons had access to the car but apparently no right to use it.

The appellants testified and denied any knowledge of or connection with the heroin. There is no allegation, proof, or inference that the appellants and the witness Hair were engaged in any common activities or were associated or were conspirators. Their only connection was their relationship by blood and by marriage. There is also no evidence that appellants had any knowledge of the activities of Hair and Ferrell with regard to the narcotics. This is the extent of the proof.

■ Appellants were indicted for concealing and facilitating the transportation and concealment of heroin knowing it to have been imported illegally. As described in Griego v. United States, 298 F.2d 845 (10th Cir.), the elements of the offense are (1) concealment and facilitating the transportation and concealment, (2) unlawful importa-

tion of the heroin by someone, and (3) knowledge by appellants of such unlawful importation. The evidence in the record, considering it in the light most favorable to the Government, falls short of the required standard of proof of the elements of the offense. It is as consistent with the innocence of the appellants as it is with their guilt or at the most raises a suspicion of guilt. In Glover v. United States, 306 F.2d 594 (10th Cir.), this court considered a case where the evidence also raised a suspicion of guilt, but such suspicion was of course not enough. The court cited Corbin v. United States, 253 F.2d 646 (10th Cir.), and Thomas v. United States, 239 F.2d 7 (10th Cir.). In the same case it was also held that guilt could not be inferred from association, and this obviously must be so. It is equally clear that a conviction cannot be had upon evidence which is consistent with both innocence and guilt.

■ Although the testimony and the evidence introduced was insufficient to establish the elements of the offense, may the Government nevertheless rely on possession to make their case? The statute here concerned, 21 U.S.C. § 174, provides that proof of possession "shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." Thus possession is prima facie proof of the elements of the crime. Velasquez v. United States, 244 F.2d 416 (10th Cir.); Griego v. United States, supra. The Government asserts that possession was shown. In Lucero v. United States, 311 F.2d 457 (10th Cir.), the requirements to establish possession are described generally, and particularly in situations where one person has actual possession and another constructive possession. These matters were also discussed in United States v. Jones, 308 F.2d 26 (2d Cir.), and in Hernandez v. United States, 300 F.2d 114 (9th Cir.). The evidence submitted in the case at bar does not meet the requirements set out in the cited cases. It was therefore not sufficient to establish possession in appel-

lants in order that the Government could avail itself of its statutory consequences.

Reversed and remanded with instructions to dismiss the indictments against both appellants.