Pete Fossett TYLER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7380.

United States Court of Appeals
Tenth Circuit.

Oct. 23, 1963.

Malcolm E. MacDougall, Littleton, Colo., for appellant.

Robert K. Ball, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

Appellant Tyler was tried and convicted in the United States District Court for the Western District of Oklahoma, on an indictment charging violation of 18 U.S.C., § 2312, i. e., transportation in interstate commerce of a stolen motor vehicle, described in the indictment as "a 1956 Lincoln, Vehicle Identification Number 56WA7009L". Tyler contends on appeal that the trial Court erred in denying his motion for directed verdict of acquittal, because the prosecution failed to prove, as an essential element of the offense charged, that the 1956 Lincoln automobile found in Oklahoma City was the same vehicle which he allegedly transported from Dallas, Texas into Oklahoma.

The government's case is based upon a connecting chain of circumstances and events, and may be briefly stated as follows: A used car dealer in Dallas, Texas testified that he negotiated with Tyler for the sale of a 1956 Lincoln; that when Tyler left his lot to "try the car out," the vehicle bore Dealer's License Plate No. 9P7589; and, that Tyler never returned the vehicle nor was he thereafter seen by the witness. A police officer described an Oklahoma City two-car-accident, in which Tyler was involved and, referring to the accident report, testified that Tyler was then the driver of a "yellow 1956 Lincoln," bearing 1961 Texas Tag No. SC2208. This tag was not the Dealer's License Plate the 1956 Lincoln bore when it was taken from the dealer's lot in Dallas. The proprietor of an Oklahoma City body shop testified that Tyler had left a "wrecked 1956 Lincoln" with him for repair. The F.B.I. Agent, who arrested Tyler in Ohio, testified that the defendant told him of having been involved in an Oklahoma City accident, which resulted in his vehicle being in an Oklahoma City body shop; and, that Tyler asserted his ownership of "this" automobile, stating that he had purchased it in Dallas, Texas.

There was no evidence that the automobile stolen in Texas bore the same serial number as the one found in Oklahoma City, or that they were even the same color. The only incriminating evidence of unlawful transportation was simply that Tyler took a 1956 Lincoln from the used car lot in Dallas, and he was in possession of a 1956 Lincoln automobile in Oklahoma City, to which he asserted ownership. "Proof that an automobile of well-known and widely distributed type and model is stolen in one state * * * and that a similar car is * * * delivered in an adjoining state * * * is not sufficient evidence * * * that the automobile stolen * * * moved in interstate commerce * * *." Cox v. United States, 8 Cir., 96 F.2d 41, 42. And see: Hall v. United States, 8 Cir., 182 F.2d 833; and Kelly v. United States (10 C.A.), 246 F.2d 864. Cf. Gay v. United States (10 C.A.), 322 F.2d 208. While the chain of circumstances may be consistent with guilt, it is not inconsistent with innocence, and it is insufficient to support a conviction. See: McClintock v. United States (10 C.A.), 60 F.2d 839. See also: Brumbelow v. United States, (10 C.A.) 323 F.2d 703. (Sept. Term)

We hold that the government failed to identify the stolen vehicle in Oklahoma with sufficient certainty, and the case is reversed and remanded, with directions to dismiss.