UNITED STATES of America,
Plaintiff-Appellee,

v.

William Neal PERRY, Defendant-
Appellant.

No. 14184.

United States Court of Appeals
Seventh Circuit.
Dec. 4, 1963.

Doris A. Coonrod, Chicago, Ill., for appellant.

Frank E. McDonald, U. S. Atty., Archibald T. Le Cesne, Asst. U. S. Atty., Chicago, Ill., James P. O'Brien, U. S. Atty., for appellee, John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel.

Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

Defendant William Neal Perry was charged in a one count indictment with a violation of the Dyer Act, Title 18, U. S.C.A. § 2312.[1]  Following a trial to the court, without the intervention of a jury, defendant was found guilty.  He now appeals from the judgment of conviction.

Defendant was represented in the trial below and on this appeal by court appointed counsel.

The errors relied on for reversal concern the sufficiency of the evidence to support his conviction of the violation charged in the indictment and the identity of the motor vehicle alleged to have been stolen and transported in interstate commerce.

The indictment was returned on December 11, 1962 in the United States District Court for the Northern District of Illinois.  It charges defendant "on or about July 5, 1962, at Chicago, Illinois" with the unlawful transportation of "a motor vehicle, to-wit, a 1961 Chevrolet

1. "§ 2312.  Transportation of stolen vehicles
    "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.  June 25, 1948, c. 645, 62 Stat. 806."

automobile, Identification No. 11169 N 145283, from Tracy City, Tennessee to Chicago, Illinois, then and there knowing the said motor vehicle to have been stolen, * * *."

Since we are concerned solely with a substantial evidence question, it is fundamental that we must consider the evidence in the light most favorable to the Government and in the light of all inferences which the trial court might reasonably draw from such evidence, resolving any conflicts in the evidence in favor of the Government. It is not for us to weigh the evidence or to determine the credibility of witnesses. The judgment of guilty as found by the trial court must be sustained if under these tests there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Koeller, 7 Cir., 310 F.2d 409, 410 (1962).

With this rule in mind, our review of the record establishes the following facts. On June 11, 1962, a 1961 Chevrolet four door automobile owned by one Herman Baggenstross was stolen at Tracy City, Tennessee. The vehicle bore Tennessee license plates and was reported as being green in color. The Tennessee records identified the serial number of the car to be the same as that stated in the indictment.

The records of the Chicago, Illinois Police Department verified that a 1961 light blue four door Chevrolet bearing Tennessee license plates and a serial number identical with the car reported stolen at Tracy City, Tennessee, had been abandoned at 1306 West Wolfram in Chicago. On July 18, 1962, this car was towed to Auto Pond Number Three.

A detective of the St. Louis, Missouri Police Department interviewed defendant on August 31, 1962 while defendant was in state custody. The officer testified that defendant then told him he had stolen a 1961 Chevrolet in Tracy City, Tennessee, by using the method of "hot wiring the ignition." That defendant "drove the same to St. Louis, where he later attempted to have a new ignition put in it so that he could have keys for the car in the event he was stopped by the police, so that he wouldn't be detected as possibly stealing the car."

Defendant was then interviewed in the St. Louis jail by a Special Agent of the Federal Bureau of Investigation (FBI). He was advised of his constitutional rights with reference to any statement he might make and of his right to counsel. He made no statement at that time. About an hour later, the Special Agent was recalled to the jail by defendant and after again being advised of his rights he gave a voluntary written statement. This statement, in part, reads:

"I * * * admit that I stole a 1959–61 Chevrolet, solid light blue in color, 4 door sedan bearing Tennessee License, on about 7/2/62 in Tracy City, Tenn.

"I * * * drove the vehicle to St. Louis, Mo., arriving on 7/3/62 * * *. On 7/3/62 * * * I left St. Louis for Chicago to look for work. I arrived in Chicago on 7/4/62 and abandoned the car in downtown Chicago, Ill."

Although at that time the Government had no prior information relating defendant to the stolen car in question and no such charge was pending against him, defendant discussed the question of how the case would be handled if he desired to plead guilty. He was advised by the Special Agent regarding procedures under Rule 20 of the Federal Rules of Criminal Procedure and the Criminal Code. At that time, defendant agreed to plead guilty under Rule 20 and further stated that he was not exactly sure he stole the car on July 2, that "it could have been back in June, or could have been later in July."

The FBI then made its investigation in Tennessee and in Chicago and a warrant was issued in the Northern District of Illinois on September 21, 1962 for defendant.

At the trial, defendant pleaded not guilty. He was the sole witness in his own behalf. He denied certain state-

ments attributed to him, denied stealing the car in question and denied being in Tracy City and Chicago on certain dates but admitted to being in such places shortly prior to or subsequently thereafter.

It was stipulated that defendant had two prior convictions, a postal conviction on September 30, 1960 and a combined charge of larceny and burglary on April 29, 1959. This is relevant solely to the question of his credibility.

The St. Louis police officer, two FBI agents and two Chicago police officers testified for the Government. We need not set out their testimony. It fully supports the Government's case. Defendant can derive no comfort from it.

The sole conflict in the identification of the car is that the police record in Tennessee designated it as being green in color. The witnesses all referred to it as being light blue in color. The trial court took note of this conflict and was not persuaded it was material.

Considering the frailties of human observation with reference to automobile colors, we regard such a variance as being "too trivial for discussion." United States v. Drexel, 2 Cir., 56 F.2d 588, 589 (1932).

The instant case is analogous to Johnson v. United States, 8 Cir., 195 F.2d 673 (1952). There the court rejected a similar argument concerning minor discrepancies in the color of a stolen automobile, citing United States v. Drexel, supra.

Defendant relies on Dixon v. United States, 8 Cir., 295 F.2d 396 (1961). That case is not in point. The sole issue on appeal concerned an erroneous charge to the jury which led to a reversal. He also cites Cox v. United States, 8 Cir., 96 F.2d 41, 42 (1938). This case is distinguishable on its facts. There the court found there was "no evidence to justify even a suspicion that the automobile stolen" was the one defendant later delivered to another person.

In sum, we hold that there was substantial evidence at the trial to support the finding of guilty by the trial court. Defendant received a fair trial.

Defendant was ably represented at the trial and on this appeal by Doris A. Coonrod, of the Chicago Bar. We highly commend Miss Coonrod for this double service to an indigent defendant. She has fully measured up to the highest standards of her profession.

The judgment of conviction appealed from is affirmed.

Affirmed.