**Donald Lee LaCONTE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7458.**

United States Court of Appeals
Tenth Circuit.

April 17, 1964.

Darrell Harrison (Douglas G. McKinnon, Denver, Colo., on the brief), for appellant.

Arthur L. Fine, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Appellant was tried and convicted before a jury in the court below for a violation of 18 U.S.C.A. § 2312, commonly known as the Dyer Act. His appeal is from the judgment entered and the sentence pronounced pursuant to the jury conviction.

The information specifically alleged: "That during the period from on or about March 12, 1962 to on or about June 3, 1962, Donald Lee LaConte did transport a stolen motor vehicle, to-wit; a 1962 Chevrolet Corvette automobile, Vehicle Identification Number 20867S106891, in interstate commerce, from Englewood, in the State and District of Colorado, to Cheyenne, Wyoming, and he then knew the motor vehicle to have been stolen * * *." Appellant, as the defendant below, at both the close of the Government's evidence and of all of the evidence, moved for a judgment of acquit-

tal. Both motions were denied. The main thrust of his appeal goes to the sufficiency of the evidence to support the verdict of guilty.

This court, in consideration of this question, has enunciated and followed the general rule that even if the proof of circumstances of a case may be consistent with guilt but is not inconsistent with innocence, it will not support a conviction.[1]

With this rule in mind, a brief review of the record is necessary. The vehicle involved, a 1962 Chevrolet Corvette, was assembled at St. Louis, Missouri, upon special order from Burt Chevrolet, Inc., Denver, Colorado. After assembly, it was shipped to the Burt company and bore serial number 20867S106891. The full serial number was placed on the car during the assembly by spot welding a plate bearing such full number to the steering gear column. This number is also referred to as the identification number. The numerical sequence S106891, or a part of the full serial number, is also placed on the left hand side of the frame at two places during the assembly. Other parts of the full serial number are placed on the engine and on the transmission during the assembly. The vehicle, as ordered and received by the Burt company, was metalic-maroon color, had a white convertible soft top, a four speed transmission, a radio and whitewall tires.

Upon delivery of the vehicle to the Burt company at its Englewood, Colorado, place of business, the car was checked against the serial number description contained on the invoice as described above and it was ascertained to be the car so described by the invoice. After delivery and on about February 18, 1962, the new car was placed on a fenced lot near the Burt company's sales building, together with other new cars, where it remained until March 12. It was then discovered that the lock on the fence gate had been broken and the vehicle taken from the lot.

1. Tyler v. United States, 10 Cir., 323 F.2d 711; Brumbelow v. United States, 10 Cir., 323 F.2d 703.

Prior to March 12 and during 1962, appellant had been in the Burt company place of business two or three times and talked with salesmen about the 1962 Corvette. Sometime after March 12, one of these salesmen, who owns a 1962 Corvette, raced with LaConte in Denver and LaConte was then driving a 1962 Corvette answering the outward description of the stolen vehicle.

One witness, in testifying about his association with LaConte during the period of time in question, stated that LaConte was driving a maroon colored 1962 Corvette around Denver; that on June 3, 1962, he and LaConte each drove a car from Denver to Cheyenne, Wyoming, and that LaConte was driving the 1962 maroon Corvette. The Secretary of the corporation maintaining the drag racing track in Cheyenne testified that the corporate records showed LaConte registered as a participant in the drag races held in Cheyenne on June 3, 1962, and driving a 1962 Corvette. The officer who first investigated LaConte's possession of the car in question testified that LaConte stated he had driven the car to Cheyenne to the drag races. This witness also testified that he examined the car at the time of his investigation of LaConte; that some of the identification numbers had been obliterated or changed but that the serial number on the top of the frame was intact; that he took a photograph of the number which was admitted into evidence; and, that the number was S106891, the same serial number placed there at the assembly plant, according to previous testimony.

■ Under Section 2312 and the specific allegations of the information, the Government had the burden of proving that: (1) LaConte transported a certain stolen motor vehicle from Denver to Cheyenne and (2) he knew, at the time of the transportation, that the vehicle was a stolen one. This proof may be made by circumstantial as well as direct evidence.[2]

Appellant relies heavily upon Cox v. United States, 8 Cir., 96 F.2d 41. This court recently, in Tyler v. United States, supra, cited that case with approval and there can be no doubt but what it correctly states the law of this Circuit. However, the evidence, as above set out, is much stronger in this case than it was in either the Cox or Tyler case. The vehicle described in the information was clearly shown to have been the vehicle stolen from the Burt company's lot; and the testimony of the investigating officer, with the photograph of the partial serial number found on top of the frame, identified that same car in LaConte's possession at the time of the investigation. LaConte's admission to one of the investigating officers that he had driven the car from Denver to Cheyenne, when considered with other corroborating evidence, is sufficient proof of interstate transportation. The proof that LaConte knew the car to have been stolen arises wholly from circumstantial evidence. In determining this question, the court and jury could consider the evidence showing appellant's interest in the particular type of car prior to the time the 1962 Corvette was stolen, as shown by appellant's presence at the Burt company showroom and his conversations with salesmen about this type of car. Appellant was in possession of a car answering the outward description of the stolen vehicle shortly after it was stolen and the car in his possession was identified as the stolen vehicle at the time of the initial investigation by the police officer.

■ We therefore conclude that there was sufficient evidence for the case to be submitted to a jury and to sustain the jury verdict of guilty.

Affirmed.

2. Real v. United States, 10 Cir., 326 F.2d 441.