**Rayford Lavaughn THOMPSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21195.**

United States Court of Appeals Fifth Circuit.

July 13, 1964.

Eugene C. Mitchell, John J. Higgins, Jacksonville, Fla., for appellant.

Joe H. Mount, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and BREWSTER District Judge.

BREWSTER, District Judge:

This appeal is from a two count conviction, with the first count charging interstate transportation of a stolen vehicle from California to Florida on or about January 31, 1961, in violation of 18 U.S.C.A. § 2312, and the second count, the sale of such stolen vehicle in Florida on or about January 31, 1961, while it was still moving in interstate commerce, in violation of 18 U.S.C.A. § 2313.

The same automobile was involved in each count, and it was described in the indictment as being "a 1960 Chevrolet two-door coupe, Identification Number 01837 L 123003, the property of Leonard Bohrer, 4618 Los Feliz Boulevard, Los Angeles, California."

The appellant's chief complaint here is of rulings of the trial court on his motions for judgment of acquittal presented at the conclusion of the evidence and after the verdict. Those motions challenged the sufficiency of the evidence to support the conviction under each count on the ground that the proof failed to establish that the 1960 Chevrolet coupe

shown to have been in his possession in Florida on January 31, 1961, was the same one which was stolen from Bohrer in California, and that the evidence was therefore insufficient to establish that he had transported in interstate commerce the stolen Bohrer automobile.

Leonard Bohrer testified that the car described in the indictment belonged to him, and was stolen on December 25, 1960 from the place where it was parked in front of his residence at 4618 Los Feliz Boulevard, Los Angeles. The only description he gave was that it was a 1960 rust colored Chevrolet Impala coupe, serial number 01837 L 123003. He verified the number from documents in his possession which were admitted in evidence. There was no evidence as to any other distinguishing factors.

The government sought to prove that the appellant transported the stolen Bohrer automobile in interstate commerce by putting him in possession of an automobile of the same make, model, body style, type and color, in California a few days after the theft, and in Florida about a month later, with reasonable allowance being made for variations in witnesses' descriptions of the color, as is permitted in these cases under the rule stated in Johnson v. United States, 8 Cir., 1952, 195 F.2d 673, and United States v. Perry, 7 Cir., 1963, 324 F.2d 871.

Within a week after Bohrer's car was taken, appellant was in possession in Glendale, California, of a 1960 Chevrolet Impala coupe. There was no evidence as to its serial number. One witness described the color as brown and another as bronze. The appellant knew it was stolen and that the owner lived somewhere on Los Feliz Boulevard. Around January 1, 1961, he made the statement that he was going to take it to Florida to sell it.

On January 31, 1961, the appellant sold a 1960 Chevrolet Impala coupe to Gene C. Liles in Orlando, Florida. Liles said the color was brown or bronze. The appellant transferred to Liles a Louisiana certificate of title to a 1960 Chevrolet coupe bearing serial number 01837 A

110882, as contrasted to 01837 L 123003, the true number on the Bohrer car. Liles checked the serial number on the small metal plate at the regular place on the door post of the coupe and it corresponded to the one on the title certificate tendered him.

It was the government's theory that, for the purpose of concealing the real identity of the Bohrer car and of facilitating the sale, the appellant had secured a Louisiana title certificate to a wrecked Chevrolet of the same model and type; and that he obtained the metal identification plate from the door post of that automobile after it had been junked and substituted it for the true number on the Bohrer car. There was evidence to support the claim that the title certificate had no legitimate connection with the car sold to Liles, and that the serial number plate checked against the title certificate had been substituted for the original plate; but there was nothing to link that automobile with the one stolen from Bohrer. On the other hand, the F.B.I. Agent who went with the Special Agent for the National Auto Theft Bureau to examine the serial number permanently imprinted on the frame of the car the government claimed appellant sold to Liles testified that the number was 10837 L 123003. The agent from the National Auto Theft Bureau was not available as a witness during the trial.

There was no evidence to prove beyond a reasonable doubt that the Chevrolet coupe in appellant's possession in California or the one sold by him in Florida was the same as the one stolen from Bohrer. Under similar circumstances, the Court in Cox v. United States, 8 Cir., 1938, 96 F.2d 41, said:

"Proof that an automobile of a well-known and widely distributed type and model is stolen in one state on Saturday and that a similar car is sold and delivered in an adjoining state on the following day is not sufficient evidence upon which to base a finding that the automobile stolen was the automobile sold, or a finding that the automobile sold was an au-

tomobile which had moved in interstate commerce and was still a part of interstate commerce. This is because the evidence, taking that view of it most favorable to the government, is not inconsistent with the hypothesis that the automobile sold was a different automobile than that which was stolen. * * *

"Since the government failed to identify the automobile sold in Missouri to Powell on January 5, 1936, as the automobile stolen from French in Kansas on January 4, 1936, it failed to prove that the crime charged had been committed. * * "

The Cox case has been cited with approval and followed in a number of cases including the recent one, Tyler v. United States, 10 Cir., 1963, 323 F.2d 711, which held that the evidence of identification was insufficient on facts as strong as those of this case.

■ This is not a case like Johnson v. United States, supra, where the automobile in the defendant's possession was satisfactorily identified as the stolen car alleged to have been transported in interstate commerce, even though there was a discrepancy between the allegations and the testimony as to the serial numbers. It is rather a case where the issue of identification depended entirely upon identity of the serial numbers. There was no other evidence to connect the automobiles. They were of a standard make, model, body style and color. No evidence was offered to show any factor about either one of them other than its identifying numbers that would distinguish it from others of the same manufacture. Bohrer was the only witness who might possibly have given satisfactory testimony of identification, and he never saw his car after it was stolen. The evidence was therefore insufficient to support a conviction under either count.

■ There is no merit in appellant's contention that the government could prove the documentary evidence from the Louisiana and the Florida motor vehicle title certificate records only by properly authenticated copies. The government also had the right to make its proof under 28 U.S.C.A. § 1732.

■ We are of the opinion that the ends of justice will best be served by remanding this case for a new trial. It appears from the record that the government went to trial on short notice at a time when material existing evidence on the issue of identification was not available, and that it is possible that such evidence may yet be produced. We have reference not only to evidence as to the serial number on the car in Florida, but also to evidence that would trace the vehicle bearing that number back to the possession of the appellant. Bryan v. United States, 1950, 338 U.S. 552, 560, 70 S.Ct. 317, 94 L.Ed. 335.

The Court expresses appreciation to the attorney who presented the case of the appellant here, as well as to the one who was defense counsel in the trial court. Each of them served by appointment, and has done his job well.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.