Arthur John **WATKINS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 25552.

United States Court of Appeals
Fifth Circuit.
March 28, 1969.

"On or about October 19, 1967 ARTHUR JOHN WATKINS transported in interstate commerce from Portsmouth, Virginia, to Jacksonville, Florida, in the Middle District of Florida, a motor vehicle, to-wit: a 1966 Chevrolet, Vehicle Identification Number 164676D177962, and then knowing the said vehicle to have been stolen; in violation of Title 18, United States Code, Section 2312. * * *"

The case went to trial on November 14, 1967 and was concluded the same day. The Government sought to prove that the automobile alleged in the information had been transported in interstate commerce by showing that it belonged to one Sam Frazier, that it had been stolen from a used car lot in Portsmouth, and that it was the same automobile as that in which appellant was arrested in Jacksonville. Appellant's motions challenging the sufficiency of the evidence to establish the identity of the car alleged in the information as the same as the car in which he was arrested were overruled. After reviewing the evidence in its entirety in the light most favorable to the Government, we have concluded that the evidence does not pass muster. It simply fails to show beyond a reasonable doubt that the car alleged in the information and the car in which appellant was in possession in Jacksonville were the same. Accordingly, we reverse.

The Government's case in chief consisted of the testimony of three witnesses—the owner of the car stolen in Virginia and alleged in the information, the local police officer who arrested appellant in Jacksonville, and an agent of the FBI who interviewed appellant on two occasions after his arrest and prior to trial. The arresting officer was called as the first witness. He testified that on October 19, 1967, he arrested appellant while appellant was traveling in excess of 70 miles per hour in a 30 mile per hour speed zone. He testified that the automobile appellant was driving was a 1965 or 1966 red Chevrolet with Florida license plates. He further testi-

Robert G. Alexander, Jacksonville, Fla., for appellant.

Allan P. Clark, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and SINGLETON, District Judge.

SINGLETON, District Judge:

Appellant, Arthur John Watkins, appeals from his conviction for interstate transportation of a stolen motor vehicle. Appellant was arrested on October 19, 1967 in Jacksonville, Florida, and on October 26, 1967 he was charged by information as follows:

fied that a check conducted by him after the arrest revealed that the plates were improperly on the automobile and that its vehicle identification number did not correspond with the vehicle identification number of the automobile to which the Florida plates were properly registered. However, he did not have the identification number of the automobile in which appellant was arrested with him and thus gave no testimony that the vehicle identification number was the same as that alleged in the information.

Sam Frazier, the owner of the Virginia vehicle, testified that he had placed his automobile on a used car lot in Portsmouth, Virginia to be offered for sale. He stated that the car had no license plates on it at the time and that he was the owner of the automobile alleged in the information. He also testified that he received a message from his insurance company on October 19, 1967; they paid him for the loss of his car shortly thereafter. He testified, however, that he had not seen the automobile in which appellant was arrested and that he had not seen his automobile since it had been stolen.

FBI agent Mayo, who interviewed appellant shortly after his arrest, was the Government's principal witness. He testified that although appellant made no written statement to him he had voluntarily confessed that the automobile which he was driving when arrested had been stolen from a used car lot in Portsmouth, Virginia. Agent Mayo recounted that appellant informed him that he had traveled from Jacksonville to Portsmouth to see a girl friend. While drinking beer in a local bar in Portsmouth, appellant met a Mr. Townsend, and they decided to travel to Wilmington, North Carolina to play pool. Townsend left the bar and shortly thereafter returned with a 1966 red Chevrolet. Enroute to Wilmington, appellant asked Townsend where he had obtained the car and was informed that Townsend had purchased the car in Jacksonville, Florida. Agent Mayo testified that appellant related to him that he knew this to be untrue, for

the warranty papers in the glove compartment indicated that the car had been purchased elsewhere. Agent Mayo, however, did not testify where, or that appellant indicated where, the warranty papers showed the car to have been purchased. Agent Mayo also testified that appellant informed him that when he confronted Townsend with the discrepancy, Townsend confessed that he had stolen the car from a car lot located a few blocks from the bar. Agent Mayo further related that appellant informed him that he had driven with Townsend to Wilmington, North Carolina, to Houston, Texas, and then to Jacksonville, Florida and that he was chasing Townsend when arrested. Prior to trial, appellant repudiated the truthfulness of the statement he made to agent Mayo, stating that he made the statement to avoid being sent to "Raiford," the Florida state penitentiary. Appellant had formerly been an inmate of that institution.

This scanty presentation was all the evidence offered by the Government to establish the offense charged in the information. It can readily be seen that the proof is totally devoid of any evidence showing some common identifying characteristics between the automobile stolen from Frazier alleged in the information and the automobile in which appellant was arrested. At most the Government's proof shows that a car of common make, color, and design was stolen from a used car lot in Portsmouth, Virginia and that appellant was later arrested in Jacksonville, Florida in possession of a car of like make, color, and design.

■ Since Cox v. United States, 96 F.2d 41 (8th Cir.1938), it has been well established that such evidence will not pass muster, for it fails to establish the interstate nature of the offense beyond a reasonable doubt and the inference to be drawn from it, while consistent with a conclusion of guilt, is not inconsistent with a conclusion of innocence. In Cox, the evidence showed that a 1936 Chevrolet four door sedan had been stolen in

Pittsburgh, Kansas on January 4, 1936, and that on January 5, 1936, the defendant had agreed to procure for a third party a similar automobile and intimated that a car would be stolen. Later, a 1936 Chevrolet four door sedan was delivered to the third party under circumstances which clearly indicated that it had been stolen. In holding the evidence insufficient to support a conviction, the court stated:

"Proof that an automobile of a well-known and widely distributed type and model is stolen in one state on Saturday and that a similar car is sold and delivered in an adjoining state on the following day is not sufficient evidence upon which to base a finding that the automobile stolen was the automobile sold, or a finding that the automobile sold was an automobile which had moved in interstate commerce and was still a part of interstate commerce. This is because the evidence, taking that view of it most favorable to the government, is not inconsistent with the hypothesis that the automobile sold was a different automobile than that which was stolen. * * *

"One of the essential elements of the crime, which the government was required to prove beyond a reasonable doubt, was that the automobile sold to Powell in Missouri had moved in interstate commerce and was still a part of interstate commerce. [Citations omitted.] Unless the stolen automobile had moved and was still moving in interstate commerce when it was sold, the sale was not a federal offense and the court below was without jurisdiction to deal with it." *Id.* at 42–43.

The principle announced in *Cox* has been repeatedly applied by the courts of this and other circuits to cases similar to that now before us. See, e. g., Yarbrough v. United States, 309 F.2d 936 (10th Cir.1962); Isaacs v. United States, 283 F.2d 587 (10th Cir.1960); Kelly v. United States, 246 F.2d 864

(10th Cir.1957); Hall v. United States, 182 F.2d 833 (10th Cir.1950). In Tyler v. United States, 323 F.2d 711 (10th Cir.1963), for example, the defendant was convicted of transporting a stolen motor vehicle in interstate commerce described in the indictment as "a 1956 Lincoln, vehicle identification number 56WA 7009L." The evidence showed that the defendant had negotiated with a used car dealer in Dallas, Texas for the purchase of a 1956 Lincoln. The automobile at that time bore dealer's license plates. The defendant had driven the automobile off the lot to "try the car out," but he had never returned. Later, he was arrested after being involved in a two-car collision in Oklahoma City while driving a 1956 Lincoln which bore a different license plate. Although the evidence demonstrated that the defendant had stolen a 1956 Lincoln in one state and had been found in possession of a 1956 Lincoln in another state, the court reversed the conviction because there was no evidence to show that the automobile stolen was the same as that later found in possession of the defendant.

Even closer to the facts of the instant case is Thompson v. United States, 334 F.2d 207 (5th Cir.1964). There, the Government sought to prove that an automobile stolen from one Leonard Bohrer in Los Angeles, California was the same which the defendant later sold in Florida. The owner of the automobile described in the indictment testified that his car was stolen on December 25, 1960 from a place where it was parked at 4618 Los Feliz Boulevard in Los Angeles. The evidence established that a week after it was stolen appellant was in possession of a 1960 Chevrolet of like color and make and that he knew the automobile had been stolen and that the owner lived somewhere on Los Feliz Boulevard in Los Angeles. About January 1, 1961, the defendant made a statement that he intended to take the automobile to Florida to sell it. On January 31, 1961, he sold a 1960 Chevrolet in Florida, transferring to the purchaser a

Louisiana certificate of title bearing a serial number different from that on the stolen automobile. There was evidence to show that the serial number checked against the title certificate had been substituted for the original plate, but there was no evidence to specifically link the automobile with the one stolen in California. Reversing the conviction, this court stated:

"There was no other evidence to connect the automobiles. They were of a standard make, model, body style and color. No evidence was offered to show any factor about either one of them other than its identifying number that would distinguish it from others of the same manufacture. Bohrer was the only witness who might possibly have given satisfactory testimony of identification, and he never saw his car after it was stolen. The evidence was therefore insufficient to support a conviction under either count." *Id.* at 209.

■ We fail to see how the case before us differs in any significant way from *Cox, Tyler,* or *Thompson.* The Government argues that proof of identification by serial number is not essential to a Dyer Act case. We agree, but that is beside the point. There must be *some evidence* of common characteristics other than color, make, and model of the automobile in order to establish its identity. In each of the cases cited by the Government, there was such evidence although it was not evidence of serial numbers. Here, the Government possessed the means of establishing the identity of the automobile. The arresting officer testified that the serial number of the automobile in which appellant was arrested did not correspond with the serial number of the automobile to which the Florida plates were registered. He did not, however, give the serial number of the automobile in which appellant was arrested or give any other testimony to link it to the automobile alleged in the information. Likewise, the owner of the automobile stolen in Virginia might have given satisfactory testimony of identification, but he never saw his car after it was stolen.

■ We also feel it appropriate to point out that the Government's proof in this case is deficient in yet another respect. It has long been established that a conviction cannot be sustained where the only proof of the corpus delecti of the offense is based on the unsupported extra-judicial statements of the accused. Kelly v. United States, 246 F.2d 864 (10th Cir.1957). There must be some corroboration of the statements of the accused before a conviction can be sustained. Landsdown v. United States, 348 F.2d 405, 409 (5th Cir.1968). Had the Government linked the automobile stolen in Virginia and alleged in the information to appellant in Florida, this would have provided sufficient corroboration. Failing to prove that link, however, proof of the corpus delecti of the offense is totally dependent upon appellant's own statements.

■ Rather than reverse and remand with instructions that the information be dismissed, we feel this case is an appropriate one for our exercise of power given to us by 28 U.S.C. § 2106 (1964). Therefore, we reverse and remand the case to the district court for its determination of whether in light of any new evidence which the Government might bring forward a retrial is warranted. Compare Sapir v. United States, 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426 (1955); Bryan v. United States, 338 U.S. 552, 560 (1950); Thompson v. United States, supra at 209; Hamilton v. United States, 304 F.2d 542, 545 (5th Cir. 1962); Clark v. United States, 293 F. 2d 445, 448 (5th Cir.1961); Riggs v. United States, 280 F.2d 949, 955 (5th Cir.1960).

The judgment is reversed and this case is remanded for further proceedings not inconsistent with this opinion. Inasmuch as appellant, Arthur J. Watkins, is presently serving a sentence arising out of his conviction in the case bringing about this appeal, it is directed that the mandate issue immediately.