UNITED STATES of America,
Plaintiff-Appellee,

v.

Loyd Ray BRAZEAL, Defendant-
Appellant.

No. 72–1139.

United States Court of Appeals,
Tenth Circuit.

Aug. 15, 1972.

John K. Harlin, Jr., Tulsa, Okl., for
defendant-appellant.

Jack M. Short, Asst. U. S. Atty., Tul-
sa, Okl. (Nathan G. Graham, U. S. Atty.,
Tulsa, Okl., with him on the brief), for
plaintiff-appellee.

Before LEWIS, Chief Judge, and
SETH and McWILLIAMS, Circuit
Judges.

LEWIS, Chief Judge.

The defendant was charged by infor-
mation with a violation of the Dyer Act,
18 U.S.C. § 2312, the unlawful transpor-
tation in interstate commerce of a 1971
Ford Econoline with the identification
number E24GHK01025. Following a
jury trial in the District Court for the
Northern District of Oklahoma he was
convicted of the offense. His appellate
contentions of trial error are several and
include the claim that the evidence was
insufficient to support the judgment of

1

conviction. We agree that the evidence is not sufficient to support the judgment and that accordingly the conviction must be set aside.

The evidence, viewed in the light most favorable to the government, establishes the facts relied upon by the prosecution and may be narrated. On August 20, 1971, a motor van was stolen from its owner in Beverly Hills, California. The van was a Ford Econoline, tan in color, had rear windows but no side windows, bore California license plates, and had the identification number set out in the information. The year model was not established.

On September 20, 1971, in Claremore, Oklahoma, a collision occurred involving a Cadillac and a "light brown or yellowish brown" Ford van in which the van sustained damage at the right rear. Although the driver of the van did not stop, a witness noted that the vehicle bore Oklahoma license 430–923. This plate was registered to a pickup truck and had earlier been stolen from the owner.

On September 25, 1971, defendant was observed driving a tan Ford Econoline van carrying the Oklahoma license plate and with a crushed right rear fender. He was stopped by a Claremore police officer and questioned. Defendant denied any involvement in the accident and stated that the van belonged to his employer, Lockhart Distributors of Tulsa, Oklahoma. A prosecution witness testified that Lockhart Distributors was not listed as existent in the directories of Claremore or Tulsa. The defendant presented no evidence on his behalf.

To convict under the Dyer Act "the government must prove that the vehicle was stolen, that it was transported in interstate commerce, and that such transportation was with knowledge that the vehicle was stolen." Allison v. United States, 10 Cir., 348 F.2d 152, 153. In order to prove these required elements in the present case, the government had to show that the vehicle driven by the defendant in Claremore, Oklahoma was the same vehicle which was stolen in Beverly Hills, California and specified in the information. Although the evidence pertaining to the accident, the stolen license plate and defendant's untruthful statements when questioned is all material to establish justification for the application of the inference that may arise from the unexplained possession of a recently stolen car, we must reject the government's contention that this evidence satisfies the government's burden, in this case, to establish the stolen car as being the same car as defendant possessed. The evidence probing this issue is limited to proof that the vans were similar in color, make, and design. This is simply not enough. Tyler v. United States, 10 Cir., 323 F.2d 711; United States v. Turner, 10 Cir., 421 F.2d 252; Watkins v. United States, 5 Cir., 409 F.2d 1382, cert. denied, 396 U.S. 921, 90 S.Ct. 252, 24 L.Ed.2d 202.

The judgment is reversed and the case is remanded to the district court for a determination of whether any additional evidence might be produced by the government to warrant a retrial. If not, a judgment of acquittal shall be entered.

The mandate shall issue forthwith.