493 F.2d 24
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Howard SMITH, Defendant-appellant.
No. 73-3629 Summary Calendar.*
*Rule 18, 5th Cir.; Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5th Cir.,
1970, 431 F.,2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 24, 1974.
 
 J. V. Eskenazi, Federal Public Defender, Edward B. Greene, Asst. Public Defender, Miami, Fla., for defendant-appellant.
 Robert W. Rust, U.S. Atty., Kerry J. Nahoom, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.
 Before WISDOM, GOLDBERG and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a conviction for transporting a stolen automobile in interstate commerce (Dyer Act).[1] The jury found Smith guilty in October, 1973, and the court sentenced him to four years' imprisonment. The question for us is the sufficiency of the evidence to permit the jury's inference that the automobile which the defendant possessed was the same automobile which was stolen. We affirm.
 
 
 2
 On December 9, 1972, Mrs. Sylvia Humphrey of Akron, Ohio, awoke to discover that her automobile had disappeared without her knowledge or permission from the front of her home. She described the car as a '1965 Ford, blue, four-door, Galaxie 500.' Additionally, she supplied the serial and registration numbers of the car.
 
 
 3
 On December 17, 1972, Officer Barker of the Miami Police Department arrested Smith and two other persons, all standing by the car in question, in Miami. Smith stated that it was his car. Officer Barker described the car as a 1965 Ford, four-door, dark blue, with a 1972 Ohio tag. Additionally, he noted that the trunk lock had been punched out and the ignition had been punched out and rewired. He failed to ascertain the automobile's serial number. Although Officer Barker did not testify that the car was in fact taken to the Miami City Pound, he did state that he arranged to have that action taken.
 
 
 4
 Two days later, Agent Bartlett of the FBI visited the Miami auto pound where he examined an automobile which corresponded exactly with the description of Mrs. Humphrey's automobile. In addition, Agent Bartlett testified that the trunk lock was punched out and the ignition had been stripped from the dash and rewired. Agent Bartlett, of course, had no personal knowledge that Smith was ever in possession of the automobile which he examined at the pound.
 
 
 5
 No doubt exists that Mrs. Humphrey's car was the same car that Agent Bartlett inspected at the Miami pound. The only issue is whether the car which Agent Bartlett inspected at the pound was the same car which Officer Barker found in Smith's possession. The prosecution's proof in this case left much to be desired, but we conclude that it was sufficient. Smith relies on our decisions in Watkins v. United States, 409 F.2d 1382 (5th Cir. 1969), and Thompson v. United States, 334 F.2d 207 (5th Cir. 1964). In essence, those cases stand for the proposition that the disappearance of an automobile in one state and the apprehension of the defendant in another state while in control of a car similar in color, make and model to that which initially disappeared is not sufficient for a Dyer Act conviction. At least where 'standard' automobiles are concerned, some identifying circumstance or evidence in addition to common color, make and model is necessary to support the fact finder's conclusion that the car found in defendant's possession is that which was stolen and transported in interstate commerce. In this case, the car found in Smith's possession not only matched that inspected at the pound in color, make, model and state of registration, but additionally the automobiles were identical in that the trunk lock was punched out and the ignition was stripped and rewired. Moreover, Mrs. Humphrey's automobile was, in fact, at the pound.
 
 
 6
 As we said recently in United States v. Edwards, 488 F.2d 1154, 1157 (5th Cir.):
 
 
 7
 On a motion for a judgment of acquittal . . .. in criminal cases based on circumstantial evidence, our task is to determine whether reasonable minds could conclude that the evidence is inconsistent with the hypothesis of the accused's innocence.
 
 
 8
 Additionally, the test is not whether the trial judge or the appellate judge concludes that the evidence fails to exclude every reasonable hypothesis but that of guilt, but rather whether the jury might reasonably so conclude Here the jury could so do.
 
 
 9
 Affirmed.
 
 
 
 [1]
 18 U.S.C.A. 2312