[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12583
Non-Argument Calendar

_____

D. C. Docket No. 03-80096-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH A. MILLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 11, 2005)**

Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Kenneth A. Mills appeals his conviction, after a bench trial, for transporting a stolen vehicle in interstate commerce, in violation of 18 U.S.C. § 1312. No reversible error has been shown; we affirm.

Mills argues first that the district court erred in denying his motion to suppress his subsequent confessions to other law enforcement agents, made without counsel present, after Mills told the arresting deputy sheriff, "I think I better talk to my lawyer." Mills contends that this statement was an unequivocal request for counsel: he points to the fact that the deputy ceased questioning him after he made this statement.

We review a district court's denial of a motion to suppress under a mixed standard of review: we review the district court's fact findings for clear error and the district court's application of law to those facts de novo. See United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004). And we construe all facts in the light most favorable to the prevailing party: in this case, the government. See United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003).

We need not decide whether Mills's statement to the arresting deputy was an unequivocal request for counsel, which could have foreclosed further questioning by law enforcement without counsel being present. See Davis v.

2

<u>United States</u>, 114 S.Ct. 2350, 2355 (1994) (stating that officers must cease questioning immediately when the accused makes an <u>unambiguous</u> request for counsel). Taking the evidence presented at the suppression hearing in the light most favorable to the government, the record shows that Mills -- after he stated, "I think I better talk to my lawyer" -- waived his right to counsel by initiating further communication with the deputy.[1] <u>See</u> <u>Edwards v. Arizona</u>, 101 S.Ct. 1880, 1885 (1981) (writing that an accused person who has expressed his desire to deal with the police only through counsel cannot be interrogated further without counsel unless the accused initiates further communication with law enforcement).

The evidence shows that Mills was involved in a traffic accident in the Houston, Texas area. Harris County Sheriff's Department Deputy Carl Mueller investigated the accident and discovered that Mills was driving a stolen car. Deputy Mueller handcuffed Mills and asked him who was the owner of the car. Mills answered, "I think I better talk to my lawyer." Deputy Mueller did not ask Mills further questions.

---

[1] Although the government argued the "initiation" theory below, neither the magistrate judge nor the district court addressed this argument in denying Mills's motion to suppress. But we may affirm the district court's decision on any ground supported by the record. <u>See</u> <u>United States v. Mejia</u>, 82 F.3d 1032, 1035 (11th Cir. 1996).

The husband of the stolen car's owner arrived, and Mills tried to convince Deputy Mueller that he knew the man, who denied knowing Mills. While Mills was seated in the back of the patrol car, Deputy Mueller performed a computer search and found that Mills had outstanding felony warrants from Broward County, Florida. Mills could see the computer screen; he began to ask Deputy Mueller about the warrants and stated that he could clear them up with a phone call. The dispatcher informed Deputy Mueller that Mills also was wanted in a homicide. On the way to the jail, Mills asked Deputy Mueller why Mills was going to jail. Deputy Mueller replied that the reason was the Broward County warrants. Mills asked, "anything else," and laughed when Deputy Mueller answered no.

Mills later was interviewed on several occasions by Federal Bureau of Investigation agents and waived his right to counsel.[2] Mills eventually confessed that he had stolen a Florida truck belonging to Rudy Prado and had transported the truck to Texas. Mills later confessed that he had murdered Prado in Florida with premeditation and then had stolen Prado's truck.

---

[2] We note that Mills does not challenge on appeal the voluntariness of these later waivers of his right to counsel.

Under the facts, we conclude that -- regardless of whether Mills's initial statement to Deputy Mueller was an unequivocal request for counsel -- Mills later initiated communication with Deputy Mueller and did waive his right to counsel. The district court committed no error in refusing to suppress Mills's later statements to the FBI agents.

Mills argues second that his conviction should not stand because the government failed to present evidence of the vehicle identification number (VIN) of the stolen truck, even though the government amended the indictment to alter the VIN. He maintains that proof of the VIN was made an element of the offense by its inclusion in the indictment.

We review the sufficiency of the evidence to support a conviction de novo, viewing the evidence in the light most favorable to the government, and drawing all reasonable inferences and credibility choices in favor of the jury's verdict. United States v. Rodriguez, 218 F.3d 1243, 1244 (11th Cir. 2000).

To prove a violation of 18 U.S.C. § 2312, the government must show that the defendant (1) transported in interstate commerce (2) a motor vehicle (3) willfully, with the knowledge that the vehicle was stolen. See 18 U.S.C. § 2312; United States v. Gresham, 585 F.2d 103, 106 (5th Cir. 1978). The government need not prove the identification of the stolen vehicle by VIN number.

5

See Watkins v. United States, 409 F.2d 1382, 1386 (5th Cir. 1969) (stating that government must produce evidence of common characteristics linking vehicle referred to in indictment and stolen vehicle transported in interstate commerce).

Sufficient record evidence exists to support Mills's conviction. The indictment alleged that Mills willfully transported in interstate commerce a 1998 Chevrolet 1500 pickup truck. Mills confessed that he stole Prado's truck and drove it to Texas, where he sold it. The Texas buyer testified that she bought a Chevrolet truck from Mills. The government introduced DMV records on Prado's truck: a Florida homicide detective who traveled to Texas to investigate then testified that he inspected the VIN of the truck found in Texas.[3] The detective then identified Prado's truck as the one shown in a picture admitted into evidence.

AFFIRMED.

---

[3] The detective did not specifically state whether the VIN on the Texas truck matched the VIN of Prado's truck.