KERN, Justice
(concurring in part and dissenting in part).
[¶31.] I concur in Issues 1, 3, and 4, but respectfully dissent on Issue 2. I would notice the plain error and remand to the trial court to vacate the conviction for Count 6 and sentence Kiir for the conviction on Count 7.1 would do so for the sake of judicial economy and because sustaining a conviction that is not supported by the evidence affects the integrity of the justice system.
[¶32.] Kiir was prejudiced by his counsel’s failure to move for a judgment of acquittal on Count 6. “When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.” Strickland v. Washington, 466 U.S. 668, 695, 104 S.Ct. 2052, 2068-69, 80 L.Ed.2d 674 (1984); see also State v. Thomas, 2011 S.D. 15, ¶ 28, 796 N.W.2d 706, 715. It is undisputed that there was insufficient evidence to support the conviction on Count 6. And, absent counsel’s error to move for a judgment of acquittal, no reasonable factfinder could have found Kiir guilty on Count 6. Because the evidence is wholly lacking to support the jury’s guilty verdict on Count 6, we need not wait for trial counsel to explain her actions or strategies in riot moving for a judgment of acquittal. See Thomas, 2011 *300 S.D. 15, ¶¶ 23-25, 796 N.W.2d at 714. In fact, trial counsel specifically requested a judgment of acquittal on other counts, and there is no conceivable strategic benefit in failing to request a judgment of acquittal on this count. Kiir has met the high burden of establishing on direct appeal that his trial counsel was ineffective.
[¶33.] Further, the circumstances of this case constitute plain error; The Eighth Circuit Court of Appeals has explained that “where it clearly appears in a criminal case that a defendant has been convicted of an offense which the evidence fails to show was committed, the error of submitting the case to the jury for determination is so plain and vital that this court is at liberty to and will reverse even in the absence of a proper motion and exception, not because the defendant has a right to demand a reversal, but solely in the public interest and to guard against injustice.” Cox v. United States, 96 F.2d 41, 43 (8th Cir. 1938). I agree with the Eighth Circuit’s reasoning and would notice plain error in this case.
[¶34.] The majority contends that there was no plain error in this case because the trial court could have sentenced Kiir on either Count 6 or Count 7. Kiir’s convictions on Counts 6 and 7 were for violating SDCL 22-14-12. That statute provides:
Any person who commits or attempts to commit any felony while armed with a firearm, including a machine gun or short shotgun, is guilty of a Class 2 felony for the first conviction. A second or subsequent conviction is a Class 1 felony. The sentence imposed for a first conviction under this section shall carry a minimum sentence of imprisonment in the state penitentiary of five years. In case of a second or subsequent conviction under this section such person shall be sentenced to a minimum imprisonment of ten years in the penitentiary.
Any sentence imposed under this section shall be consecutive to any other sentences .imposed for a violation of the principal felony. The court may not place on probation, suspend the execution of the sentence, or suspend the imposition of the sentence of any person convicted of a violation of this section.
Although the trial court only sentenced Kiir on Count 6, it sentenced him to ten years imprisonment with the sentence to run consecutively to Kiir’s other sentences.[1] The majority proposes by implication that we simply substitute the sentence imposed for Count 6 for a sentence on Count 7. The majority’s approach is problematic because this Court does not engage in the sentencing function, which is the exclusive province of the trial court. Moreover, it is unclear what effect the erroneous conviction on Count 6 may have had on the trial court’s sentencing decision.
[¶35.] In State v. Well, 2000 S.D. 156, 620 N.W.2d 192, the defendant was convicted of both aggravated assault and abuse or cruelty to a minor. The trial court sentenced him on the abuse conviction but did not impose a sentence for the aggravated assault conviction. Id. ¶ 9, 620 N.W.2d at 194. On appeal, this Court vacated the conviction for aggravated assault. Id. ¶ 25, 620 N.W.2d at 197. We remanded to the trial court to determine whether “the improper conviction for aggravated assault had any effect on the imposed sentence,” and if it did, to “make an appropriate reduction in said sentence.” Id. Likewise, in this case, I would remand to the trial court to determine whether the *301 erroneous conviction on Count 6 would have any effect on a sentence imposed for Count 7.[2]
[¶36.] Kiir has made the rare showing on direct appeal of both ineffective assistance of counsel and plain error. However, just as it is untenable that Kiir should remain incarcerated on a conviction that was not supported by the evidence, it is equally untenable that Kiir should go unpunished for the crime that he was rightfully convicted of but no sentence was imposed. I would notice the plain error and remand to the trial court to vacate the conviction for Count 6 and sentence Kiir for the conviction on Count 7. Kiir’s continued incarceration on an erroneous and prejudicial conviction and sentence while he applies for inevitable post-conviction relief “seriously affects the fairness, integrity, or public reputation of judicial proceedings.” State v. Hayes, 2014 S.D. 72, ¶ 25, 855 N.W.2d 668, 675 (setting forth the required showing for plain error).

. The court suspended three years of the sentence.

. The Double Jeopardy Clause is not implicated by remanding this case for sentencing on Count 7. The Double Jeopardy Clause "is written in terms of potential or risk of trial and conviction, not punishment.” Schiro v. Farley, 510 U.S. 222, 231, 114 S.Ct. 783, 790, 127 L.Ed.2d 47 (1994) (quoting Price v. Georgia, 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970)). "The pronouncement of sentence simply does nót ‘have the qualities of constitutional finality that attend an acquittal.'" Monge v. California, 524 U.S. 721, 729, 118 S.Ct. 2246, 2251, 141 L.Ed.2d 615 (1998) (quoting United States v. DiFrancesco, 449 U.S. 117, 134, 101 S.Ct. 426, 436, 66 L.Ed.2d 328 (1980)). As such, the general rule is "that double jeopardy principles have no application in the sentencing context.” Id. at 730, 118 S.Ct. 2246, 2251.