**UNITED STATES of America, Appellee,**

v.

**Armando CASTILLO, Appellant.**

**No. 74–1815.**

United States Court of Appeals, Tenth Circuit.

Argued Sept. 16, 1975.

Decided Oct. 28, 1975.

Warren L. Tomlinson, Denver, Colo. (James E. Boicourt, Denver, Colo., with him on the brief), for appellant.

Ben F. Baker, Asst. U. S. Atty. (Nathan G. Graham, U. S. Atty., with him on the brief), for appellee.

Before HILL, SETH and DOYLE, Circuit Judges.

PER CURIAM.

The defendant-appellant was indicted for a violation of 21 U.S.C. § 841(a)(1), for knowingly or intentionally possessing marijuana with an intent to distribute it. He was tried by a jury, found guilty, and sentenced to a maximum sentence. Proper motions were made before and during the course of the trial relating to the proof. An appeal in forma pauperis was taken to this court which raised the adequacy of the proof and other points not herein considered because the conviction must be reversed. For a related case, see *United States v. Rodriguez*, 525 F.2d 1313 (10th Cir.) (Tenth Circuit 1975).

The evidence shows without contradiction that the defendant was an employee of a commercial enterprise engaged in the business of transporting persons and their personal effects between Laredo, Texas, and Chicago and other cities. He was hired as a driver and paid by the trip. He had no responsibility for seeing that the passengers or their effects were loaded. He collected the fares for only those few of the passengers for whom arrangements had been made for someone at the destination to pay. He had driven for several years, and had driven twenty or more different vans used by the enterprise, and to several destinations.

The evidence shows, as to the particular trip in question, that defendant was notified at his home in Laredo that he was to drive that day. He went to the office some miles from his home where he found that the passengers were in the van, a U–Haul trailer had been attached to the van, and all was ready for the trip. He picked up some papers at the office and left on the trip to Chicago. He had nothing to do with the loading of the van or of the trailer. He did not look in the trailer which, as mentioned, was already attached to the van. Among the papers given to him was apparently a list of passengers and a paper indicating that the trailer with the furniture it contained was to be left at an address in Chicago. It was customary for trailers to be attached to carry the luggage and furniture of the passengers.

The evidence also showed that the van was owned by either a person named Manuel Gonzales who was a manager in Chicago of the Transportation enterprise, or by the enterprise which was known as Transporto Espanos. Defendant identified the latter as the "company" he worked for. It was clear from the evidence that the defendant did not own

the van, and did not own the trailer. He did not know how or from whom the trailer was leased. Defendant had no relationship or connection with any of the passengers, eight adults and three children. The gasoline was paid for by the "company" and defendant received some expense money for the trip.

The record shows that when the van and trailer reached the Immigration Service checkpoint at Miami, Oklahoma, it was stopped by a Border Patrolman. The papers of the passengers were checked and all was found to be in order. The agent asked the defendant driver to open the trailer, and he did so. A large quantity of marijuana was found in the trailer with the luggage and furniture of the passengers. The defendant was not then questioned about the marijuana. The agents had theretofore received a tip from an unidentified informant that the trailer would contain marijuana. At trial defendant testified that he had not looked in the trailer before it was opened at the checkpoint, and knew nothing of its contents. The "papers" he had received at the Laredo office were taken from him by the agents at the time the trailer was opened, and were not returned nor offered by the Government at trial.

This was all the evidence offered. The only "possession" of the marijuana in the trailer by the defendant was the fact that he was employed as the driver of the van as above described, and was so driving when stopped at the checkpoint. No other evidence was offered by the Government. This cannot be "possession" for any purpose, and certainly not for a conviction under 21 U.S.C. § 841. The proof presented by the Government as to possession thus showed no more than defendant was em-

ployed on a regular basis as a bus driver for a business engaged in transporting passengers for hire. He had no duties in connection with loading the van or trailer. Also when he started this trip, the van and trailer had been loaded by others at the "office," and all defendant did was to pick up the "papers" and drive off en route to Chicago. There was a complete failure of proof, and at the very most all that could be said was that the proof was just as consistent with the innocence of defendant as it was with any guilt. There was no basis whatever for any inference of knowledge by defendant as to what the trailer contained. He had no duty, reason, or occasion to know. With no evidence or inference of knowledge, with no evidence or inference of control, there can be no possession under the facts shown. It is apparent that the cases argued by the Government which have considered drivers or owners of privately owned and operated vehicles are not in point here. This clearly was a commercial enterprise operating and owning these vans like any bus line with defendant an employee-driver. The evidence here can hardly be said to even raise a suspicion of guilt.

Since there is no substantial evidence of guilt, and what evidence was presented was consistent with both innocence and guilt, the conviction must be reversed. *United States v. Butler,* 494 F.2d 1246 (10th Cir.); *United States v. Ortiz,* 445 F.2d 1100 (10th Cir.); *Brumbelow v. United States,* 323 F.2d 703 (10th Cir.). The Government was familiar with the name of the enterprise, familiar with its operations (according to the oral argument), and knew the name of the owner of the van.

Reversed with directions to dismiss the indictment against defendant.